J-A23041-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM ANSELL | |
| Appellant | No. 1625 WDA 2014 |

Appeal from the Judgment of Sentence September 15, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-SA-0001344-2014

BEFORE:  GANTMAN, P.J., LAZARUS, J., and MUSMANNO, J.

JUDGMENT ORDER BY GANTMAN, P.J.:                    **FILED JULY 17, 2015**

Appellant, William Ansell, appeals *pro se* from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following his summary conviction for parking in a prohibited area (*see* 75 Pa.C.S.A. § 3353(a)(3)(ii)).  On March 11, 2014, Officer Stafiej observed Appellant's vehicle parked in a "no parking" zone on the street where Appellant resides. Officer Stafiej issued Appellant a parking ticket for $15.00.  The ticket notified Appellant that if he failed to make payment within five days, the officer would issue a state citation.  Appellant did not pay the ticket, so the officer issued a state citation on April 5, 2014, for violation of Section 3353. On June 9, 2014, a district magistrate convicted Appellant of the offense and imposed a fine and costs.  Appellant timely filed an appeal for a trial *de novo* on June 18, 2014.  Appellant proceeded to a bench trial on September 8,

2014, after which the trial court found Appellant guilty of violating Section 3353. On September 15, 2014, the court sentenced Appellant to pay a $50.00 fine, plus costs. Appellant timely filed a notice of appeal on October 6, 2014. On October 20, 2014, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement; Appellant filed his Rule 1925(b) statement on October 30, 2014.

Preliminarily, we observe generally that issues not raised in a Rule 1925 statement will be deemed waived. *Commonwealth v. Castillo*, 585 Pa. 395, 403, 888 A.2d 775, 780 (2005). The Rule 1925 statement must be "specific enough for the trial court to identify and address the issue [an appellant] wishe[s] to raise on appeal." *Commonwealth v. Reeves*, 907 A.2d 1, 2 (Pa.Super. 2006), *appeal denied*, 591 Pa. 712, 919 A.2d 956 (2007). "[A] [c]oncise [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all." *Id.* If a concise statement is too vague, the court may find waiver and disregard any argument. *Id.* As well, where an appellant fails to properly raise or develop his issues on appeal, or where his brief is wholly inadequate to present specific issues for review, a court will not consider the merits of the claims raised on appeal. *Commonwealth v. Maris*, 629 A.2d 1014 (Pa.Super. 1993). Instantly, Appellant filed his court-ordered Rule 1925(b) statement on October 30, 2014. Appellant's "concise" statement is an almost two-page, single-spaced narrative complaining about

the township's alleged lack of authority to post a "no parking" sign on his street and the officer's issuance of the parking ticket based on a vengeance against Appellant stemming back to 2005. Appellant also insists he was permitted to park in the "no parking" zone because he has a "handicapped" placard.[1] Based on Appellant's lengthy and non-specific Rule 1925(b) statement, the trial court could not determine the issues Appellant sought to raise on appeal and concluded Appellant waived his appellate claims. We agree. *See Reeves, supra*. Additionally, notwithstanding Appellant's seven questions presented on appeal, his argument section takes the form of one long narrative and cites no law whatsoever. *See* Pa.R.A.P. 2119(a) (stating argument section shall be divided into as many sections as there are questions presented, followed by discussion and citations to pertinent legal authorities). Appellant's failure to preserve and/or adequately develop his claims on appeal compels waiver of all issues. *See Reeves, supra*; *Maris, supra*. Accordingly, we affirm.

Judgment of sentence affirmed.

---

[1] The Commonwealth presented evidence at the *de novo* trial that another resident on Appellant's street had previously requested a "handicapped" sign, which the township granted. The township removed the sign approximately two years before Officer Stafiej issued the relevant parking ticket because that resident had died. Appellant did not have permission from the township to park in the "no parking" zone on March 11, 2014.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/17/2015