J-S50022-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ELIJAH BUMPESS | |
| Appellant | No. 2051 EDA 2013 |

Appeal from the Judgment of Sentence June 20, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003179-2012

BEFORE:  PANELLA, J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY MUNDY, J.:                    **FILED SEPTEMBER 18, 2015**

Appellant, Elijah Bumpess, appeals from the June 20, 2013 aggregate judgment of sentence of five to fifteen years' imprisonment, plus five years' probation, imposed following a conviction by jury of robbery, criminal conspiracy, firearms not to be carried without a license, carrying firearms on public streets or public property in Philadelphia, possessing instruments of crime, and possession with intent to deliver a controlled substance.[1]  After careful review, we affirm.

The trial court has set forth the relevant factual background of this case as follows.

---

[1] 18 Pa.C.S.A. §§ 3701, 903, 6106, 6108, 907, and 35 P.S. § 780-113(a)(30), respectively.

The complainant, Mr. Randy Nevrotski, testified that on the evening of October 21, 2011 he was employed by Kev's Auto Salvage as a tow truck operator. At approximately 7:00 p.m., he received a phone call from a blocked phone number asking him to come "to pick up a junk car," directing him to vicinity of 67th Street and Upland Avenue in the City of Philadelphia. After obtaining a contact number from the caller, he drove to the location, arriving at approximately 8:00 - 9:00 p.m. He described the lighting conditions on his arrival as being dark[,] but sufficiently lit by street lights so that he could see.

Mr. Nevrotski testified that, on arriving, he dialed the contact number and told the customer that he had arrived to buy the car. Shortly, thereafter, a male, later identified as Mr. Williams, exited the corner premises, 6020 67th Street, and approached him. After a brief discussion, Mr. Nevrotski asked him for the appropriate documentation before completing the transaction. As Mr. Williams appeared to be looking for the paperwork, a second man, approached from the front of the truck pointing a shiny silver hand gun at Mr. Nevrotski's chest and stomach area. Both men demanded he give them his money. Mr. Williams then searched Mr. Nevrotski's pockets removing his driver's license, business credit card, medical I.D[.] card, cash and miscellaneous receipts. Mr. Nevrotski was then told to get back in his truck.

After getting back in his truck he observed Mr. Williams running up 67th Street and gave chase. He testified that Mr. Williams turned right at the corner and then right again into the alleyway behind the houses fronting 67th Street. On entering the alley, Mr. Nevrotski found his path blocked by parked cars, and, on seeing a police car at the other end, he backed out of the alley returning to his original starting point, flagging down the police car. After relating these events to the officers[,] he observed Mr. Williams and the second man run into the house through the front door and alerted the officers of this.

Philadelphia Police Officer Joy Gallen-Ruiz testified that on the evening of October 21, 2011, at approximately 9:15 p.m., she was on routine patrol with her partner when she was stopped by Mr. Nevrotski who reported that he had been robbed by two black males who had run into the premises 2020 67th Street. On receiving this information she immediately called for backup. Additional police officers arrived a short time later and were admitted to the premises, while she remained outside. She then observed Philadelphia Police Officer Ragsdale bring [Appellant] and Mr. Williams out of the house and sit them down on the front steps. Officer Gallen-Ruiz then entered the premises and proceeded to the middle bedroom in the basement where she recovered, from on top of the bed in the room, the items taken from Mr. Nevrotski, including his company credit card, his medical card and his driver's license.

Philadelphia Police Officer Troy Ragsdale testified that he was working alone in plainclothes when he proceeded to 2020 67th Street on receiving a report of the robbery at that location. On being given permission to enter the premises, he proceeded directly to the basement where he encountered [Appellant] and Mr. Williams in the middle bedroom. He testified that [Appellant] was sitting on the bed and Mr. Williams was attempting to leave the room. After ordering the two men to go upstairs, he observed, on top of the mattress, Mr. Nevrotski's drivers license and company credit card in addition to a black bandana and puffy black coat.

Philadelphia Police Detective Mary Kuchinsky testified that on October 21, 2011, at approximately 10:00 p.m., she was assigned to investigate the robbery at 2020 67th Street. After interviewing the responding officers and Mr. Nevrotski, she obtained a search warrant for the premises. On executing the warrant she recovered, from the middle bedroom in the basement, a "Huggies container" containing several clear plastic bags of a green weedy

- 3 -

substance, which tested positive for Marijuana. She also recovered from this container "new and unused packaging commonly used to package narcotics and a small scale" as well as [Appellant]'s social security card and mail addressed to him at that address. In addition to these items, she also recovered a black and white bandana next to the "Huggies container."

Detective Kuchinsky also testified that she …. recovered from the premises a black and silver .40 caliber handgun and a black .45 caliber semiautomatic handgun. She also testified that these handguns were properly registered to another occupant of the premises. At the conclusion of the Commonwealth's case in chief, it was stipulated by and between the parties that both firearms were operable and that on October 21, 2011, [Appellant] was not licensed to carry a firearm in the Commonwealth of Pennsylvania or in the City and County of Philadelphia.

Trial Court Opinion, 3/11/14, at 3-6.

Appellant was arrested on October 22, 2011. Thereafter, on January 3, 2013, a two-day jury trial commenced, at the conclusion of which the jury found Appellant guilty of the aforementioned crimes. On June 20, 2013, the trial court sentenced Appellant to five to fifteen years' imprisonment, followed by five years' probation. On July 18, 2013, Appellant filed a timely notice of appeal. On July 22, 2013, the trial court ordered Appellant to file, within 21 days, a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). On August 8, 2013, Appellant timely complied, stating (1) the "verdict was against the weight of the evidence[,]" and (2) "[t]he evidence adduced at trial was insufficient to sustain the verdict of guilty." Appellant's Rule 1925(b)

Statement, 8/8/13. On March 11, 2014, the trial court filed its Rule 1925(a) opinion.

On appeal, Appellant raises the following issue for our review.

> A. Did the trial court err when it found that there was sufficient evidence to prove, beyond a reasonable doubt, the criminal offenses of robbery, criminal conspiracy, firearms not to be carried without a license, carrying firearms on public streets or public property in Philadelphia and possessing instruments of crime?

Appellant's Brief at 2.

Prior to addressing the merits of Appellant's claim, we must determine whether Appellant has preserved his issue for appellate review. By its text, Rule 1925(b) requires that concise statements "identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii); *see also* ***Commonwealth v. Reeves***, 907 A.2d 1, 2 (Pa. Super. 2006) (stating "[w]hen a court has to guess what issues an appellant is appealing, that is not enough for meaningful review[]"), *appeal denied*, 919 A.2d 956 (Pa. 2007). Any issues not raised in accordance with Rule 1925(b)(4) will be deemed waived. Pa.R.A.P. 1925(b)(4)(vii). Our Supreme Court has made clear that Rule 1925(b) is a bright-line rule. ***Commonwealth v. Hill***, 16 A.3d 484, 494 (Pa. 2011). Additionally, with regard to claims pertaining to the sufficiency of the Commonwealth's evidence, we have stated as follows.

> In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b)

statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient. **Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt.**

*Commonwealth v. Garland*, 63 A.3d 339, 344 (Pa. Super. 2013) (internal quotation marks and citations omitted; emphasis added); *accord Commonwealth v. Williams*, 959 A.2d 1252, 1256 (Pa. Super. 2008).

Appellant's Rule 1925(b) statement baldy asserts, "[t]he evidence adduced at trial was insufficient to sustain the verdict of guilty." Appellant's Rule 1925(b) Statement, 8/8/13. In said statement, Appellant fails to specify which elements of which crimes he is challenging. Accordingly, we agree with the trial court that Appellant's issue is waived for failure to sufficiently raise it in his Rule 1925(b) statement. *See* Trial Court Opinion, 3/11/14, at 6-8 (finding waiver on the basis that Appellant's statement was "vague on its face" as Appellant "was convicted of six serious offenses emanating from both robbing Mr. Nevrotski at gun point and possession of illegal drugs[]"); *Garland*, *supra*; *Williams*, *supra*.

Therefore, we conclude that Appellant has waived his only issue on appeal.[2] Accordingly, we affirm the trial court's June 20, 2013 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/18/2015

_____

[2] If we were to reach the merits of Appellant's sufficiency issue, we would conclude the trial court has extensively and accurately addressed Appellant's issue in its Rule 1925(a) opinion. The trial court's opinion fully addresses each of the five charges, and Appellant's alternative argument raised in his appellate brief regarding his identity pertaining to each of the crimes. **_See generally_** Trial Court Opinion, 3/11/14, at 8-13. Accordingly, if we were to reach the merits of Appellant's claim, we would affirm on the basis of the March 11, 2014 opinion of the Honorable Charles J. Cunningham, III.