J-S49011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEFFONE SPANN | |
| Appellant | No. 1314 EDA 2015 |

Appeal from the Judgment of Sentence December 18, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011532-2013

BEFORE:  PANELLA, J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, J.                    **FILED JULY 25, 2016**

Appellant, Steffone Spann, appeals from the judgment of sentence entered December 18, 2014, by the Honorable Daniel D. McCaffery, Court of Common Pleas of Philadelphia County. We affirm.

We take the underlying facts and procedural history in this matter from the trial court's July 14, 2015 opinion.

> On July 28, 2013, during the early morning hours, Mr. Rodney Wroten, the complainant herein, was driving in the area of the 5700 block of Baltimore Avenue in Philadelphia when his van ran out of gas. (N.T.[,Bench Trial, 9/18/14 at] 7-12, 13). He walked to a gas station located a block away at Baltimore Avenue and 58th Street[,] purchased gas and returned to his vehicle. (N.T. 13). While sitting in his van, Wroten was approached by Appellant who asked him something to the effect of, "Where the shit at?" (N.T. 13, 15). Wroten testified that on the previous day, he was told that someone named "Steffone"

_____

[*] Former Justice specially assigned to the Superior Court.

who lived on Cecil Street, was looking for him because he allegedly had taken something from "Steffone." Wroten did not understand Appellant's question because he did not know Appellant and had not taken anything from him. (N.T. 15-17).

When the conversation ended, Appellant walked away, leading Wroten to believe that he was leaving. (N.T. 17, 18). However, Appellant suddenly stopped in front of Wroten's van and fired three shots at Wroten's head through the front windshield. (N.T. 18-20). Each of the three shots struck Wroten, who covered his head with his arm, in his left arm. Two of the bullets exited his arm and struck him in his shoulder and back. (N.T. 19-20). After firing the shots, Appellant fled. (N.T. 20-21).

Although he had been shot, Wroten exited his vehicle and unsuccessfully tried to flag down a passing motorist. (N.T. 23-24). He collapsed after walking about a block. (N.T. 24). The police arrived shortly thereafter and transported him to a nearby hospital for treatment. (N.T. 24-25).

The next morning Wroten gave police a statement about the incident. During the police interview, Wroten was shown a photo spread and identified Appellant as the person who shot him the previous evening. (N.T. 28-30).

Ms. Sharqueise Wallace was sitting on the porch of her residence when the incident occurred. Wallace observed Wroten having trouble with his vehicle and a man walk up to him as Wroten tried to restart the van. (N.T. 80-81). Wallace then observed the two men engage in a brief conversation and when it ended, the man who had walked up to the van began firing a gun. (N.T. 81-82). Wallace ran into her house and called 911. She then returned outside and approached the complainant who had collapsed on the street. (N.T. 83). Wroten told Wallace his name and stated that he did not know the name of the person who had shot him. (N.T. 105). According to Wallace, the police arrived shortly thereafter and drove Wroten away after putting him in a police car. (N.T. 83-84). Wallace was not able to identify the male who fired the shots because she did not see the man's face. (N.T. 86).

Appellant testified in his own defense and denied knowing Wroten. (N.T. 155-156). He also denied having been the victim of a theft and indicated that he was inside his home, which was located in close proximity to the site of the incident herein, when the incident occurred. (N.T. 159-160, 162).

Trial Court Opinion, 7/14/15 at 2-3 (footnotes omitted).

On September 18, 2014, following a waiver trial, Appellant was found guilty of Attempted Murder, 18 Pa.C.S. § 901, graded as a felony of the first degree, Aggravated Assault, graded as a felony of the first degree, 18 Pa.C.S. § 2702, Firearms Not to Be Carried [W]ithout a License, 18 Pa.C.S. § 6106, Discharge Of A Firearm Into Occupied Structure, 18 Pa.C.S. § 2702.1, Carrying a Firearm on a Public Street, 18 Pa.C.S. § 6108, Possessing an Instrument of Crime Generally, 18 Pa.C.S. § 907, Simple Assault, 18 Pa.C.S. § 2701, and Recklessly Endangering [A]nother Person[,] 18 Pa.C.S. § 2705. On December 18, 201[4], [the trial court sentenced Appellant to] eight to twenty years' incarceration.

Following the imposition of sentence, Appellant filed a motion for reconsideration of sentence. Said motion was denied on April 13, 2015. Appellant thereafter filed a notice of appeal to the Superior Court and a court ordered Pa.R.A.P. 1925(b) statement. …

*Id*. at 1-2.

Appellant raises two issues for our review.

1. Did the [t]rial [c]ourt err and unfairly prejudice Steffone Spann when the [c]ourt overruled [d]efense [c]ounsel's objection and allowed the complaining witness to testify as to what others' [sic] had told him?

2. Did the [t]rial [c]ourt err and unfairly prejudice Steffone Spann when the [c]ourt overruled [d]efense [c]ounsel's objection and allowed the District Attorney to conduct re-direct examination, which exceeded the scope of the cross-examination of the complaining witness?

Appellant's Brief at 5.

Preliminarily, we note that the trial court determined that Appellant's Rule 1925(b) statement was too vague to facilitate review of the issues raised therein. Specifically, the court found that "Appellant waived review of these claims since he fails to specifically cite to the testimony of record

pertaining to this claim in his Pa.R.A.P. 1925(b) statement." Trial Court Opinion, 7/14/15 at 4. We agree.

"If a Rule 1925(b) statement is too vague, the trial judge may find waiver and disregard any argument." **Commonwealth v. Reeves**, 907 A.2d 1, 2 (Pa. Super. 2006) (citation omitted).

> When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues. In other words, a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all.

**Id**. (citations omitted).

Here, Appellant's Rule 1925(b) statement did not include record citations to the pertinent testimony he challenged on appeal. Consequently, Appellant's concise statement was not specific enough for the trial court to identify and address the issues Appellant purported to raise. **See** Trial Court Opinion, 7/14/15 at 4. As Appellant's concise statement hampered effective appellate review of his claims, the trial court correctly found the issues raised therein waived.

Even if we were to address Appellant's claims, we would not afford relief. Assuming, for the sake of argument, that inadmissible evidence had

- 4 -

been admitted at trial and should have been excluded,[1] such error would undoubtedly be harmless. There was no jury trial in this case. "[The] trial court, acting as the finder of fact, is presumed to know the law, ignore prejudicial statements, and disregard inadmissible evidence." *Commonwealth v. Smith*, 97 A.3d 782, 788 (Pa. Super. 2014) (citation omitted). Nothing in the record indicates the contrary. Accordingly, Appellant's issues would not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/25/2016

_____

[1] Our decision in no way reflects on the merits of Appellant's underlying claims and we could not examine Appellant's claims even if we were inclined to do so. The certified record does not contain a transcript of the non-jury trial and there is no request for transcripts attached to Appellant's notice of appeal. It is long settled that "[w]hen the appellant ... fails to conform to the requirements of [Pa.R.A.P.] 1911 [relating to transcript requests], any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review." *Commonwealth v. Preston*, 904 A.2d 1, 7 (Pa. Super. 2006), *appeal denied*, 916 A.2d 632 (Pa. 2007) (citation omitted).