J-S04008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DONTAE D. WHITE, | |
| Appellant | No. 2418 EDA 2015 |

Appeal from the Judgment of Sentence July 17, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010642-2013

BEFORE: SHOGAN and OTT, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY SHOGAN, J.:                    **FILED FEBRUARY 21, 2017**

Dontae D. White ("Appellant") appeals from the judgment of sentence entered after he was convicted following a bench trial of possession of a controlled substance with intent to deliver ("PWID"), possession of a controlled substance, possession of a firearm by a prohibited person, carrying a firearm without a license, carrying a firearm in public, and conspiracy.[1] We affirm.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case. Therefore, we have no reason to restate them.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30), 35 P.S. § 780-113(a)(16), 18 Pa.C.S. § 6105, 18 Pa.C.S. § 6106, 18 Pa.C.S. § 6108, and 18 Pa.C.S. § 903, respectively.

Appellant filed a notice of appeal on August 11, 2015. The trial court directed compliance with Pa.R.A.P. 1925(b), and Appellant filed his Pa.R.A.P. 1925(b) concise statement on September 8, 2015. Therein, Appellant identified the issues on appeal as follows:

1. Did the lower [c]ourt err in denying [Appellant's] pre-trial motion to suppress physical evidence recovered at the time of his arrest?

2. Did the lower [c]ourt err in concluding that the Commonwealth produced sufficient evidence to prove [Appellant] guilty beyond a reasonable doubt of the offenses of Conspiracy, Possession with Intent to Deliver a Controlled Substance and Violations of the Uniform Firearms Act?

Pa.R.A.P. 1925(b) statement at unnumbered 1.

In the Question Presented portion of Appellant's brief, however, the following issue is identified:

I. Is [Appellant] entitled to an Arrest of Judgment on the charge of Attempted Murder where the Commonwealth did not prove by sufficient evidence that [Appellant] committed that crime and because all the Commonwealth could not prove that [Appellant] had a specific intent to kill at the time of the incident?

Appellant's Brief at 3.[2]

---

[2] Appellant's statement of the question presented is curious to say the least. Appellant was neither charged with nor convicted of attempted murder. The argument portion of Appellant's brief, however, correctly identifies possession of narcotics as the conviction subject to Appellant's sufficiency challenge.

Both the trial court and the Commonwealth assert that Appellant's 1925(b) statement lacks the specificity required by Pa.R.A.P. 1925(b)(4)(ii), and thus, he has waived appellate review of his issues. Trial Court Opinion, 7/19/16, at 7–9; Commonwealth's Brief at 7. We agree.

A concise statement of errors complained of on appeal must be specific enough for the trial court to identify and address the issues the appellant wishes to raise on appeal. **Commonwealth v. Reeves**, 907 A.2d 1, 2 (Pa. Super. 2006) (quoting **Lineberger v. Wyeth**, 894 A.2d 141, 148 (Pa. Super. 2006)). Pennsylvania Rule of Appellate Procedure 1925 provides that a Rule 1925(b) statement "shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii). "Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii).

This Court has considered the question of what constitutes a sufficient 1925(b) statement on numerous occasions and has established that "[an] appellant's concise statement must properly specify the error to be addressed on appeal." **Commonwealth v. Hansley**, 24 A.3d 410, 415 (Pa. Super. 2011). "[T]he Rule 1925(b) statement must be specific enough for the trial court to identify and address the issue an appellant wishes to raise on appeal." **Id.** (brackets, internal quotation marks, and citation omitted). "When a court has to guess what issues an appellant is appealing, that is not

enough for meaningful review." ***Commonwealth v. Dowling***, 778 A.2d 683, 686 (Pa. Super. 2001) (quotation omitted).

Further, in order to preserve a challenge to the sufficiency of the evidence on appeal, "an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." ***Commonwealth v. Garland***, 63 A.3d 339, 344 (Pa. Super. 2013) (citation omitted). "Such specificity is of particular importance in cases where . . . the appellant was convicted of multiple crimes, each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." ***Id.***

The trial court explained why the deficiencies of Appellant's concise statement compelled a waiver conclusion:

> Instantly, [Appellant] does not state with any specificity what errors this [c]ourt committed when it denied his motion to suppress physical evidence obtained at the time of his arrest; [Appellant] does not state what evidence the [c]ourt improperly considered and/or why [Appellant] believes the [c]ourt erred. Additionally, [Appellant] does not state what errors this [c]ourt committed when it concluded that there was sufficient evidence to find [Appellant] guilty beyond a reasonable doubt of all crimes charged; [Appellant] does not specify any defect in the Commonwealth's evidence or identify the element or elements the Commonwealth failed to prove beyond a reasonable doubt. Where, as here, [Appellant] is convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt, "[Appellant's] 1925[b] statement must specify the element or elements upon which the evidence was not sufficient in order to preserve the issue for appeal." See [***Commonwealth v. Gibbs***, 981 A.2d 274, 281 (Pa. Super. 2009) (citing [***Commonwealth v. Williams***, 959 A.2d at 1252, 1257 n.9 (Pa. Super. 2008))].

> This [c]ourt finds that [Appellant's] 1925(b) statement is too vague to permit meaningful review and thus, [Appellant] has waived all issues on appeal. [Appellant's] 1925(b) merely makes bald claims of error, without any guidance as to how or why the [c]ourt erred. It is not the responsibility of this [c]ourt to engage in a guessing game and thereafter, frame [Appellant's] issues on appeal; this [c]ourt cannot, and will not, act as [Appellant's] advocate.

Trial Court Opinion, 71/9/16, at 8–9.

Given the foregoing and our agreement with the trial court's analysis, we conclude that Appellant's challenge to the trial court's order suppressing certain evidence and his sufficiency of the evidence claim are waived. In addition, Appellant's has failed to preserve the issue in his Statement of Questions Involved. *See* Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."). For these reasons, Appellant has waived appellate review of his issues.

Judgment of sentence affirmed.

P.J.E. Stevens joins the Memorandum.

Judge Ott concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/21/2017