J-S39030-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANDREW WHITING | |
| Appellant | No. 1226 EDA 2018 |

Appeal from the Judgment of Sentence Entered March 23, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0005264-2017

BEFORE:  GANTMAN, P.J.E., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                  **FILED OCTOBER 11, 2019**

Appellant, Andrew Whiting, appeals from the March 23, 2018 judgment of sentence imposing an aggregate four to eight years of imprisonment followed by two years of probation for two counts of unlawful possession of a firearm, simple assault, recklessly endangering another person ("REAP"), and possession of an instrument of crime.[1]  We affirm.

The trial court summarized the pertinent facts:

> On June 4th, 2017, [Appellant] and the complainant, [Appellant's] former girlfriend, had a verbal altercation in the first-level apartment at 5861 Cedar Avenue in the City and County of Philadelphia, Pennsylvania.  As the complainant exited the property onto the sidewalk, [Appellant] went to the second-level apartment that he inhabited, and took possession of a firearm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 6105, 6108, 2701, 2705, and 907, respectively.

The complainant left the apartment and [Appellant] followed the complainant onto the sidewalk and shoved her. [Appellant] retrieved a firearm from his pocket and pointed it at the complainant's temple, one to two inches from her head. The complainant stated, "I'll be back. You're not getting away with it." [Appellant] replied, "You want to know what happened to the last M-effer that said he'll be back?" The complainant then immediately called police and described the incident.

Officer Robinson encountered [Appellant]—who matched the description given by the complainant—on the 5900 block of Cedar Avenue. When Officer Robinson and his partner, Officer Raymond, attempted to stop [Appellant], [Appellant] fled. [Appellant] entered 5861 Cedar Avenue after pursuit.

Officer Johnson, while on patrol, was notified by an unknown witness, that a firearm was located underneath a vehicle on the street in front of 5921 Cedar Avenue. The complainant positively identified that firearm as the one that [Appellant] pointed at her head. The complainant also showed police a photo of that same firearm, taken by the complainant on a prior occasion.

[Appellant] is prohibited from possessing a firearm based on [a prior conviction].

Trial Court Opinion, 7/17/18, at 1-2 (pagination ours) (record citations omitted).

On January 19, 2018, the trial court, sitting as factfinder, found Appellant guilty of the aforementioned offenses. On March 23, 2018, the court imposed sentence as set forth above. This timely appeal followed. Appellant raises one issue:

Was not the evidence insufficient for guilt on all charges, insofar as the evidence of guilt was so unreliable and contradictory as to make any verdict based upon it a matter of conjecture, and as such was insufficient to support a conviction as a matter of law?

Appellant's Brief at 3.

- 2 -

The phrasing of the issue in Appellant's Pa.R.A.P. 1925(b) was, in substance, identical. From Appellant's brief, it is clear that he is challenges the sufficiency of the evidence in accord with *In re J.B.*, 189 A.3d 390 (Pa. 2018), wherein our Supreme Court explained that the evidence is insufficient as a matter of law if the inferences to be drawn from it are equally consistent with the defendant's guilt or innocence. Rule 1925 was not at issue in *J.B.*, but it is clear that the sole issue was the defendant's identity as the perpetrator. Instantly, however, Appellant was convicted of five different crimes arising out of his assault of the victim and possession of a firearm. The evidence against him includes the victim's eyewitness account, a gun found under a car near the scene of the crime, the victim's identification of the gun, a photograph of the gun taken at an earlier time, and Appellant's flight from police. Despite this, Appellant's Pa.R.A.P. 1925(b) statement fails to specify any element of any offense for which the evidence is insufficient as a matter of law.

"[A] Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all." *Commonwealth v. Reeves*, 907 A.2d 1, 2 (Pa. Super. 2006), *appeal denied*, 919 A.2d 956 (Pa. 2007). A Pa.R.A.P. 1925(b) statement raising a sufficiency of the evidence challenge must specify the element or elements of the offense(s) for which the evidence is insufficient. *Commonwealth v. Roche*, 153 A.3d 1063, 1072 (Pa. Super. 2017), *appeal*

*denied*, 169 A.3d 599 (Pa. 2017). This is so even where, as here, the Commonwealth does not object and the trial court prepares an opinion. *Id.* We do not believe that the Supreme Court's analysis in *J.B.* relieves an appellant of the responsibility of filing a sufficiently specific 1925(b) statement, especially in a case where the evidence includes an eyewitness account and physical and photographic evidence, and where the defendant has been convicted of both assault and possessory offenses. We therefore conclude that Appellant has failed to preserve his only argument on appeal.[2]

Regardless of the waiver, Appellant's reliance upon *J.B.* and *Commonwealth v. Kakaria*, 625 A.2d 1167 (Pa. 1993), is misplaced. In *J.B.*, our Supreme Court wrote, "the Commonwealth, as verdict winner, is entitled to the benefit of all reasonable inferences which could be drawn from the evidence it presented at trial." *J.B.*, 189 A.3d at 408. "We regard this deferential manner of appellate review as according appropriate respect to the role of the jury or a trial judge sitting without a jury to make credibility determinations and factual findings based on their weighing of the evidence which they hear firsthand." *Id.* at 408-09. The *J.B.* Court cautioned,

---

[2]   We further observe that Appellant's brief is largely an attack on the credibility of the victim's eyewitness account. An argument as to the credibility of the Commonwealth's chief witness is a challenge to the weight, not the sufficiency, of the evidence. *Commonwealth v. Griffin*, 65 A.3d 932, 939 (Pa. Super. 2013) (quoting *Commonwealth v. Palo*, 24 A.3d 1050, 1055 (Pa. Super. 2011) *appeal denied*, 34 A.3d 828 (Pa. 2011)), *appeal denied*, 76 A.3d 538 (Pa. 2013).

however, "in some cases, the entire body of evidence introduced at trial which furnished the basis for an appellant's conviction is so deficient that it does not reasonably support a finding of guilt beyond a reasonable doubt." *Id.* at 409. In this "atypical" situation, "we are not bound by the factual findings and credibility determinations rendered by the finder of fact, and we are compelled in such circumstances to reverse a legally erroneous conviction." *Id.*

> [I]f the trial evidence of record viewed in the light most favorable to the Commonwealth and all reasonable inferences drawn from that evidence is only, at most, equally consistent with a defendant's innocence as it is with his guilt, the Commonwealth has not sustained its burden of proving the defendant's guilt beyond a reasonable doubt.

*Id.* at 415.

There was no eyewitness account of the murder at issue in *J.B.* The Supreme Court explained that the physical evidence, such as gunshot residue on the defendant's clothing, the lack of blood or DNA on the victim's clothing or the purported murder weapon, among other items, was in equipoise as to the defendant's guilt or innocence. Thus, the evidence was insufficient as a matter of law.

Similarly, in *Kakaria*, the alleged rape victim was unable to provide the date of any alleged assault, and in her initial report to police, she was unable to recall the defendant ever penetrating her. *Kakaria*, 625 A.2d at 1171. Other witnesses testified that the defendant, the victim's stepbrother, was rarely in the home during the charged time. *Id.* For these reasons, among others, our Supreme Court held that the evidence, "carefully reviewed in its

entirety, is so unreliable and contradictory that it is incapable of supporting a verdict of guilty, and thus, is insufficient as a matter of law." *Id.* at 1172.

Instantly, in contrast, the victim contacted police immediately after the alleged assault and provided an eyewitness account. She identified Appellant's handgun, which police found concealed underneath a parked car near the scene of the assault. She also showed police a cell phone picture of the Appellant's gun that she had taken at some earlier time. The picture in the complainant's cell phone matched the weapon police recovered near the scene. Furthermore, the record reflects that Appellant fled from police. This body of evidence is vastly different from the evidence at issue in *J.B.* and *Kakaria*. Viewed in a light most favorable to the Commonwealth as verdict winner, it plainly supports a finding beyond a reasonable doubt that Appellant possessed a firearm and assaulted the victim.

Appellant also complains that the variance between the victim's signed police statement and her subsequent trial testimony[3] does not require a different conclusion. As noted above, her credibility was for the fact finder to resolve, and any question of credibility relates to the weight, not sufficiency, of the evidence. Additionally, the variance in the victim's account of the assault does not bring this case within the purview of *Kakaria*. In *Commonwealth v. Brown*, 52 A.3d 1139 (Pa. 2012), our Supreme Court

---

[3] The signed statement, among other things, indicated that the assault took place indoors rather than outdoors.

held that out-of-court statements from witnesses who recanted at trial were sufficient to sustain a conviction. The Supreme Court refused to apply the *Kakaria* rationale in that scenario. *Id.* at 1157-71. Given the holding in *Brown*, we cannot conclude that the variance between the victim's statement to police and her eventual trial testimony renders the evidence insufficient as a matter of law. Even were we to conclude that Appellant's concise statement was sufficient to preserve his argument under *J.B.* and *Kakaria*, he would not obtain relief.

For all of the foregoing reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/11/19</u>