IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

B&B FINANCIAL SERVICES, LLC, :
d/b/a B&B ATM SERVICES, LLC, :
: C.A. No. K18C-11-040 WLW
    Plaintiff, :
:
 v. :
:
RFGV FESTIVALS, LLC, RED :
FROG EVENTS LLC and :
ANSCHUTZ ENTERTAINMENT :
GROUP, INC., :
:
    Defendants. :

Submitted: August 9, 2019
Decided: November 7, 2019

**ORDER**

Upon Defendants' Motion to Dismiss
Pursuant to Rule 12(b)(6).
*Granted as to Counts II and III.*

Kara A. Hager, Esquire of Woloshin Lynch & Associates, P.A., Wilmington, Delaware; attorney for Plaintiff.

Christopher P. Simon, Esquire and David G. Holmes, Esquire of Cross & Simon, LLC, Wilmington, Delaware; attorneys for Defendants.

WITHAM, R.J.

Presently before the Court is Defendants RFGV Festivals, LLC, Red Frog Events LLC, and Anschutz Entertainment Group, Inc.'s Motion to Dismiss B&B Financial Services' complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Delaware Superior Court Rules of Civil Procedure. This motion was previously stayed by the Court on May 2, 2019, in order to give B&B Financial Services an opportunity to regain good standing as a Delaware corporation.[1]

After considering the parties' arguments and the record, it appears to the Court that:

## FACTUAL AND PROCEDURAL HISTORY

1. The Plaintiff, B&B Financial Services, LLC d/b/a B&B ATM Services, LLC, (hereinafter "Plaintiff") is a foreign business entity with its principle place of business in Maryland.

2. Defendant RFGV Festivals, LLC (hereinafter "co-Defendant RFGV") is a foreign business entity with its principle place of business in Illinois.

3. Defendant Red Frog Events, LLC (hereinafter "co-Defendant Red Frog") is a Delaware business entity with its principle place of business in Illinois.

4. Defendant Anschutz Entertainment Group, Inc. (hereinafter "co-Defendant Anschutz") is a foreign corporation with its principle place of business in Colorado.[2]

5. On April 27, 2015, the Plaintiff and co-Defendant RFGV entered into a

---

[1] B&B Financial Services is currently in compliance with Delaware Law and is presently doing business in Delaware as B&B ATM Services, LLC.

[2] Defendant Anschutz appears to have joined this motion with movants RFGV and Red Frog.

contract whereby co-Defendant RFGV retained the Plaintiff to provide ATM services for the 2015 and 2016 Firefly Music Festivals (hereinafter "Firefly") held in Dover. The contract further provided that Plaintiff would provide ATM services for the 2015 and 2016 Big Barrel Country Music Festivals (hereinafter "Big Barrel").

6. Co-Defendant RFGV drafted the contract that also provided a provision stating that co-Defendant RFGV could terminate the contract with the Plaintiff prior to Firefly 2016, with or without cause, by providing the Plaintiff thirty days written notice.[3]

7. Plaintiff provided ATM services for Firefly and Big Barrel in 2015 per the contract.

8. On December 30, 2015, the Plaintiff sent co-Defendant RFGV "and/or"[4] co-Defendant Red Frog a proposal for ATM services for events to take place in 2016 including Firefly. Neither co-Defendant responded to Plaintiff's proposal.[5]

9. The Plaintiff contacted co-Defendant RFGV "and/or" co-Defendant Red Frog again on February 3, 2016 regarding the December 30, 2015 proposal.[6] One of the co-Defendants responded[7] and informed the Plaintiff that either co-Defendant

---

[3] Pl. Amend. Compl. at ¶ 16.

[4] *Id.* at ¶ 7.

[5] *Id.* at ¶ 8.

[6] Pl. Amend. Compl. at ¶ 9.

[7] Based on a reading of both the Plaintiff's initial and amended complaints, it is unclear which co-Defendant responded to the Plaintiff on February 3, 2016.

RFGV or co-Defendant Red Frog would provide additional information to Plaintiff regarding its 2016 ATM needs.[8]

10. Co-Defendant RFGV did not utilize the Plaintiff's ATM services for the 2016 Firefly and allegedly did not satisfy the thirty day notice requirement provided for in the contract.

11. The Plaintiff initiated this current action naming co-Defendants RFGV, Red Frog, and Anschutz on November 19, 2018.

12. On February 5, 2019, co-Defendants RFGV and Red Frog sent a letter to Plaintiff stating it was not a company in good standing in Delaware.[9] Under those circumstances, co-Defendants RFGV and Red Frog maintained the Plaintiff could not pursue its litigation.[10]

13. All co-Defendants filed their present Motion to Dismiss on February 15, 2019. Plaintiff filed its response, in opposition, on March 1, 2015. A hearing was held on April 12, 2019 and based on the parties' arguments, the Court reserved judgment.

14. On May 2, 2019, the Court stayed the co-Defendants' Motion to Dismiss and found that pursuant to 6 *Del. C.* § 18-907 and our Supreme Court's decision in *Hudson Farms, Inc. v. McGrellis*,[11] the Court was not required to dismiss the

---

[8] *See* Pl. Amend. Compl. at ¶ 9.

[9] *See* D. Mot. to Dismiss at ¶ 3.

[10] *Id.*

[11] 620 A.2d 215 (Del. 1993).

Plaintiff's action due to its lack of good standing. As a result, the Court granted a thirty day stay of the co-Defendants' Motion to Dismiss. The Court also indicated that if the Plaintiff could obtain good standing within 30 days, then the Court would grant the Plaintiff leave to amend its complaint, as it requested at the oral argument.

15. On May 31, 2019, within the 30 day stay period, the Plaintiff provided sufficient documentation proving that it had regained good standing in the State of Delaware. That same day, Plaintiff moved to amend its complaint which was later unopposed by the co-Defendants.[12]

16. On June 17, 2019, the Court denied the co-Defendants Motion to Dismiss, only as it pertained to dismissal based on Superior Court Rules of Civil Procedure Rule 12(b)(1) (hereinafter "Rule 12(b)(1)").

17. On July 10, 2019, this Court granted the Plaintiff's Motion to Amend its Complaint. The amended complaint was filed on July 12, 2019.

18. Oral argument was heard by the Court on August 9, 2019.

## PARTIES' CONTENTIONS

19. Co-Defendants RFGV and Red Frog assert the Plaintiff's action regarding Counts II and III are subject to dismissal pursuant to Superior Court Rule of Civil Procedure Rule 12(b)(6) (hereinafter "Rule 12(b)(6)") for failure to state a claim

---

[12] *See* Docket #63529367, *B&B Financial Services, LLC v. RFGV Festivals, LLC, et al.*, No. K18C-11-040 (Del. Super. July 10, 2019).

against co-Defendants Red Frog or Anschutz.[13] Specifically, the co-Defendants contend that the vicarious liability claim raised by the Plaintiff is inapplicable because neither was a signatory to the contract signed by the Plaintiff and co-Defendant RFGV.[14] Both also assert that the Plaintiff has not made any alter ego or piercing the corporate veil claims regarding co-Defendant Red Frog or co-Defendant Anschutz.[15] Finally, co-Defendants contend that there is no Delaware precedent that they can find that stands for the proposition that a parent company is vicariously liable for the breach of contract committed by a subsidiary if no wrongdoing on the part of the parent company has been alleged.[16]

20. The Plaintiff, in its reply in opposition, asserts that it has met its obligation to state a claim pursuant to Rule 12(b)(6) because Red Frog and Anschutz can be held vicariously liable because there is an agency relationship between the parent and subsidiary corporations, for which all co-defendants are members.[17] Finally, the Plaintiff requests that if the Court finds that piercing the corporate veil is necessary that it be granted a stay "pending discovery to determine whether there is a good faith

---

[13] Count I against co-Defendant RFGV is not a subject to the present Motion to Dismiss. As a result, only the Count II and Count III claims of vicarious liability are discussed.

[14] D. Mot. at ¶¶ 6-7.

[15] *Id.* at ¶ 9.

[16] *Id.* at ¶ 10.

[17] Pl. Reply at ¶ 8.

basis to bring account to pierce the corporate veil."[18]

## STANDARDS OF REVIEW

21. On a motion to dismiss pursuant to Rule 12(b)(6), the moving party bears the burden of demonstrating that "under no set of facts which could be proven in support of its [complaint] would the [plaintiff] be entitled to relief."[19] Upon this Court's review of a motion to dismiss, "(I) all well-pleaded factual allegations are accepted as true; (ii) even vague allegations are well-pleaded if they give the opposing party notice of the claim; (iii) the Court must draw all reasonable inferences in favor of the non-moving party; and (iv) dismissal is inappropriate unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof."[20]

## DISCUSSION

22. Count II of Plaintiff's Amended Complaint, as was the case in its original complaint, charges that co-Defendant Red Frog is vicariously liable by failing to notify the Plaintiff that its contract had been terminated, per the terms of the contract, for the following reasons:

---

[18] *Id.* at ¶ 9. (However, the Court should note that at the oral argument, Plaintiff's counsel stated that this was one of the reasons that the complaint needed to be amended. The amended complaint however is silent to any mention of piercing the corporate veil.

[19] *Alpha Contracting Services, Inc.*, 2019 WL 151482, at *1 (Del. Super. Jan. 9, 2019) (citing *Daisy Constr. Co. v. W.B. Venables & Sons, Inc.*, 2000 WL 145818, at *1 (Del. Super. Jan. 14, 2000)).

[20] *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 896-97 (Del. 2002).

(1) Co-Defendant RFGV was a subsidiary of co-Defendant Red Frog;

(2) Co-Defendant "Red Frog acted as an agent for Red Frog"[21] in hiring and negotiations with various contractors, including the Plaintiff; and

(3) Co-Defendant Red Frog assisted co-Defendant RFGV in drafting the contract.[22]

23. The Plaintiff's attempt to hold co-Defendant Red Frog liable for co-Defendant RFGV's alleged breach of the contract based on an agency theory appears to fail because Delaware law recognizes no theory under which a principal can be vicariously liable for its agent's non-tortious breach of contract. It is well established in Delaware that only parties to a contract may be liable for breach of that particular contract.[23] Agency law does not negate or otherwise alter that fundamental tenet of contract law.[24] Under the doctrine of vicarious liability, a principal may be liable for torts committed by an agent acting within the scope of the agency relationship, i.e.,

---

[21] *See* Pl. Amend. Compl. & Pl. Compl. at ¶¶ 23, 23.

[22] Pl. Amend. Compl. at ¶¶ 22-25.

[23] *Wenske v. Blue Bell Creameries, Inc.*, 2018 WL 5994971, at *3 (Del. Ch. Nov. 13, 2018) (citing 13 *Williston on Contracts* § 37.1 (4th ed. 2015) ("The mere fact of entering into a contract gives rise to a relationship between or among the contracting parties known as "privity." ... [And, generally,] only parties in privity of contract [can] sue on the contract."); *Wallace ex rel. Cencom Cable Income P'rs, Inc., L.P. v. Wood*, 752 A.2d 1175, 1180 (Del. Ch. 1999) ("It is a general principle of contract law that only a party to a contract may be sued for breach of that contract."); *Vichi v. Koninklijke Philips Elecs. N.V.*, 62 A.3d 26, 59 (Del. Ch. 2012) ("[B]asic contract principles [recognize] that a person not a party to [a] contract cannot be held liable to it.") (emphasis omitted).

[24] *Id. See also O'Leary v. Telecom Res. Serv., LLC*, 2011 WL 379300, at *7 (Del. Super. Jan. 14, 2011); *Phoenix Canada Oil Co. Ltd. v. Texaco, Inc.*, 842 F.2d 1466, 1477 (3d Cir. 1988).

where the agent's tortious conduct is undertaken pursuant to the agency relationship.[25]

24. Delaware, however, has not extended the doctrine of vicarious liability to breach of contract claims. Indeed, the Delaware Court of Chancery's decisions in *NACCO Indus., Inc. v. Applica, Inc.*[26] and *Kuroda v. SPJS Hldgs., L.L.C.*[27] make it clear that Delaware does not depart from the general proposition that the law will not impose vicarious liability upon the principal for its agent's non-tortious breach of contract.[28]

---

[25] *Wenske*, 2018 WL 5994971, at *3 (citing Restatement (Third) of Agency § 7.03 (2006)).

[26] 997 A.2d 1 (Del. Ch. 2009).

[27] 971 A.2d 872 (Del. Ch. 2009).

[28] Cf. *NACCO*, 997 A.2d at 35 ("A breach of contract is not an underlying wrong that can give rise to a civil conspiracy claim."); *Kuroda*, 971 A.2d 872, 892 (Del. Ch. 2009) ("[U]nless the breach also constitutes an independent tort, a breach of contract cannot constitute an underlying wrong on which a claim for civil conspiracy could be based[.]"). In Delaware, "[c]ivil conspiracy [liability] is vicarious liability" premised upon agency law. *Albert v. Alex. Brown Mgmt. Servs., Inc.*, 2005 WL 2130607, at *11 (Del. Ch. Aug. 26, 2005); *see also Parfi Hldg. AB v. Mirror Image Internet, Inc.*, 794 A.2d 1211, 1238 (Del. Ch. 2001) ("Civil conspiracy ... provides a mechanism to impute liability to those not a direct party to the underlying [wrong]."). Thus, under Delaware law, "a conspirator is jointly and severally liable for the acts of co-conspirators ... in furtherance of the conspiracy," *Nicolet, Inc. v. Nutt*, 525 A.2d 146, 150 (Del. 1987), on the rationale that co-conspirators are properly "considered agents of each other when acting in furtherance of th[eir] [common unlawful objective]." *In re Am. Int'l Gp., Inc.*, 965 A.2d 763, 815 (Del. Ch. 2009), *aff'd* sub nom. *Teachers' Ret. Sys. of Louisiana v. Pricewaterhouse Coopers LLP*, 11 A.3d 228 (Del. 2011). With these principles in mind, the clear implication of the *NACCO* and *Kuroda* decisions is that Delaware law recognizes no theory of vicarious liability for a non-tortious breach of contract. That is, if "[c]ivil conspiracy [liability] is vicarious liability," *Albert*, 2005 WL 2130607, at *11, and a non-tortious "breach of contract ... can[not] give rise to a civil conspiracy claim," *NACCO*, 997 A.2d at 35; *Kuroda*, 971 A.2d at 892, it follows that a non-tortious breach of contract cannot give rise to vicarious liability.). In the Plaintiffs' Motion for Reargument in *Wenske*, Plaintiffs were

25. In this case, while the Plaintiff appears to allege that co-Defendant Red Frog acted as principal in an agency relationship with co-Defendant RFGV to negotiate and assist in drafting contracts, they do not contend that co-Defendant RFGV's (alleged) breach of the contract was tortious vis-à-vis the Plaintiff. Thus, the Plaintiff's agency law theory of co-Defendant Red Frog's liability appears to fail as a matter of law.[29] As a result, the Court will dismiss the Plaintiff's claim against co-Defendant Red Frog pursuant to Rule 12(b)(6).

26. For the same reasons stated above, the Plaintiff's attempt to hold co-Defendant Anschutz liable for co-Defendant RFGV's alleged breach of the contract based on an agency theory also appears to fail because Delaware law recognizes no theory under which a principal can be vicariously liable for its agent's non-tortious breach of contract. As a result, the Court will dismiss the Plaintiff's claim against co-Defendant Anschutz pursuant to Rule 12(b)(6).

---

critical of the Court's analysis regarding civil conspiracy. However, the Court defended its discussion of civil conspiracy in denying the reargument motion and stated that "liability speaks directly to the broader vicarious liability question, given that civil conspiracy liability is a species of vicarious liability." *Wenske*, 2018 WL 5994971, at *3 n.26; *see also Albert*, 2005 WL 2130607, at *11 ("However captioned, civil conspiracy is vicarious liability."). In the Court's view, a discussion of civil conspiracy liability was useful to address those Plaintiffs' attempt to hold a parent company vicariously liable on a contract to which it clearly was not a party, particularly given that Plaintiffs failed to marshal any authority in support of their position.

[29] Co-Defendants also assert that the Plaintiff has made no contention that piercing the corporate veil is required. Because the Court finds that co-Defendant Red Frog is not vicariously liable in this case, it is not necessary to discuss piercing the corporate veil.

## CONCLUSION

For the reasons stated above, the co-Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) should be hereby **GRANTED** as to Counts II and III only. The remaining issue in the Plaintiff's cause of action as stated in Count I shall proceed.

**IT IS SO ORDERED.**

/s/ William L. Witham, Jr.
Resident Judge

WLW/dmh