**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Charles REEVES, Appellant.**

Superior Court of Pennsylvania.

Submitted June 20, 2006.
Filed July 31, 2006.
Reargument Denied Sept. 29, 2006.

Karl Baker, Philadelphia, for appellant.

Hugh J. Burns, Jr., Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE: KLEIN, GANTMAN, JJ. and McEWEN, P.J.E.

OPINION BY KLEIN, J.:

¶ 1 Charles Reeves was found guilty of securing execution of documents by deception, 18 Pa.C.S.A. § 4114, for inducing his attorney to file a claim with the Southeastern Pennsylvania Transit Authority (SEPTA), asserting he sustained injuries on a SEPTA trolley when it suddenly stopped. In fact, there were no passengers on the trolley when the power became disconnected. We affirm.

¶ 2 Reeves claims that the conviction should be overturned because SEPTA is not a "person" under section 4114. The Commonwealth claims that Reeves' claim is waived because it was not mentioned in

**2** ■

his Pa.R.A.P. 1925(b) statement. We agree with the Commonwealth.

¶ 3 The Rule 1925(b) statement only states, "The evidence was insufficient to support the verdict on the charge of securing execution of documents by deception." Because of that general language, the distinguished trial judge, the Honorable Steven R. Geroff, only discussed the sufficiency of the evidence in general terms, reviewing the evidence that showed that there were no passengers on the trolley at the time it stopped and pointing out how Reeves induced his lawyer to send the form over with his signature to SEPTA and to file a summons against SEPTA. Judge Geroff reasonably believed that the complaint was that there was insufficient evidence either to show that Reeves was not on the trolley or to show that Reeves induced the lawyer to submit the documents. He had no idea the claim was that SEPTA was not a "person" under the terms of the statute. Had he known the precise issue, the experienced trial judge most likely would have addressed it.

■ ¶ 4 If a Rule 1925(b) statement is too vague, the trial judge may find waiver and disregard any argument. *See Lineberger v.Wyeth,* 894 A.2d 141 (Pa.Super.2006). As this Court recently stated in *Lineberger,*

> When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues. In other words, a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all. While [*Commonwealth v. Lord,* 553 Pa. 415, 719

A.2d 306 (Pa.1998)] and its progeny have generally involved situations where an appellant completely fails to mention an issue in his Concise Statement, for the reasons set forth above we conclude that *Lord* should also apply to Concise Statements which are so vague as to prevent the court from identifying the issue to be raised on appeal. In the instant case, Appellant's Concise Statement was not specific enough for the trial court to identify and address the issue Appellant wished to raise on appeal. As such, the court did not address it. Because Appellant's vague Concise Statement has hampered appellate review, it is waived.

*Id.* at 148 (*citing Commonwealth v. Dowling,* 778 A.2d 683, 686–87 (Pa.Super.2001)). *See also Commonwealth v. Lemon,* 804 A.2d 34, 37 (Pa.Super.2002) (statements in Rule 1925(b) that "the verdict of the jury was against the evidence," "the verdict of the jury was against the weight of the evidence," and "the verdict was against the law" were too vague to permit adequate review); *Commonwealth v. Seibert,* 799 A.2d 54 (Pa.Super.2002) (Rule 1925(b) statement that "the verdict of the jury was against the weight of the credible evidence as to all of the charges" was too vague to permit appellate review); *Commonwealth v. Thompson,* 778 A.2d 1215 (Pa.Super.2001) (where appellant's Rule 1925(b) statement indicated his sentence for criminal trespass was unconstitutional because it was excessive compared to sentence for simple trespass, issue found to be too vague for the trial court to identify).

■ ¶ 5 Here, the trial court reasonably *thought* that Reeves was only complaining about the quantum of evidence, not the specific issue that SEPTA is not a "person" under the terms of the statute. There is a common sense obligation to give the trial court notice as to what the trial

court should address in its Rule 1925(a) opinion. While there is a middle ground that counsel must travel to avoid having a Rule 1925(b) statement so vague that the trial judge cannot ascertain what issues should be discussed in the Rule 1925(a) opinion or so verbose and lengthy that it frustrates the ability of the trial judge to hone in on the issues actually being presented to the appellate court, *see Kanter v. Epstein,* 866 A.2d 394 (Pa.Super.2004), that is not an onerous burden to place on counsel. It only requires using a little common sense.

¶ 6 The Rule 1925(b) statement must be detailed enough so that the judge can write a Rule 1925(a) opinion, but not so lengthy that it does not meet the goal of narrowing down the issues previously raised to the few that are likely to be presented to the appellate court without giving the trial judge volumes to plow through.

¶ 7 Because the specific issue as to whether SEPTA was a "person" was not presented to the trial court to give Judge Geroff a chance to address it in his opinion, the issue has been waived.

¶ 8 Judgment of sentence affirmed.

¶ 9 GANTMAN, J., joins and files a Concurring Statement.

CONCURRING STATEMENT BY GANTMAN, J.:

¶ 1 I wholeheartedly agree with the majority that Appellant's issue on appeal is a classic example of an issue that was not properly preserved for review because it was not specified in Appellant's Rule 1925(b) statement. I write separately only to note the single circumstance where a Rule 1925(b) statement is arguably vague, but there is only one obvious appealable issue, and the trial court was on sufficient notice of the issue and addressed it in its

Rule 1925(a) opinion. Under that specific circumstance, in my opinion, our appellate review has not been impeded. *See Commonwealth v. McCandless,* 880 A.2d 1262 (Pa.Super.2005) (*en banc*), *appeal granted on other grounds,* 586 Pa. 464, 895 A.2d 518 (2006); *City of Coatesville v. Jarvis,* 902 A.2d 1249 (Pa.Super.2006). Of course, that circumstance is definitely not what happened in the instant case. Accordingly, I join the majority.

¶ 2 KLEIN, J., joins.