J-S02006-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM THOMAS | |
| Appellant | No. 2518 EDA 2013 |

Appeal from the Judgment of Sentence August 22, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011144-2012

BEFORE:  MUNDY, J., OLSON, J., and WECHT, J.

MEMORANDUM BY MUNDY, J.:                          **FILED MARCH 24, 2015**

Appellant, William Thomas, appeals from the August 22, 2013 aggregate judgment of sentence of four to eight years' incarceration, plus three years' probation, imposed after he was found guilty following a nonjury trial of burglary, criminal trespass, criminal mischief, and possession of an instrument of crime.[1]  After careful review, we affirm.

The trial court supplied the following summary of the facts of the incident.

> On September 4, 2012, at approximately 12:00 a.m., Prentice Beckett was in his home, located at 830 South 48[th] Street in Philadelphia, when he received a call from his neighbor stating

---

[1] 18 Pa.C.S.A. §§ 3502(a), 3503(a)(1), 3304(a)(2), and 907(a), respectively.

that police were outside of, and trying to get into, his home. Mr. Beckett came downstairs and observed [Appellant] on his porch with the police. Mr. Beckett did not know [Appellant] and he never gave [Appellant] permission to either enter his home or to be on his porch. Prior to this incident, Mr. Beckett had not noticed any damage to any of his window screens; after this incident, Mr. Beckett noticed that the front porch window screen was sliced.

On September 4, 2012, Officer Mitchell, a Philadelphia Police Officer, was on patrol with his partner, in the area of 48th and Warrington Streets, when they received a radio call relative to the property located at 830 South 48th Street.[1] They were also flagged down by an individual, Mr. Denning, who directed them to 830 South 48th Street. Upon arriving at the location, Officer Mitchell observed [Appellant] on the porch of the property, near the front window. Officer Mitchell shined his flashlight on [Appellant], who laid on the porch to avoid detection. Officer Mitchell directed [Appellant] to come down the steps so that he and [Appellant] could have a conversation.

[Appellant] told Officer Mitchell that he was waiting for his friend, Reese, who lived at the property. Mr. Beckett told Officer Mitchell that he did not know anyone named Reese and further, that [Appellant] had no right to be on his property. [Appellant] also told Officer Mitchell that he could not contact Reese because his phone was inoperable and further, that he could not recall Reese's last name or how he knew Reese. Officer Mitchell placed [Appellant] under arrest. He searched [Appellant], incident to the arrest and as a result thereof, Officer Mitchell recovered a padlock and a pair of edge pliers, tin snips, which can be used to cut aluminum and metal.

---

[1] The 911 tape was entered into evidence as Exhibit C-3 [by the Commonwealth]. [*See* N.T., 6/26/13, at 27.]

Trial Court Opinion, 9/11/14, at 1-2 (footnote in original; citations omitted).

Later that day, Appellant was charged with the aforementioned offenses. Appellant was found guilty of all charges after a one-day bench trial on June 26, 2013. N.T., 6/26/13, at 58. Thereafter, on August 22, 2013, the trial court sentenced Appellant to an aggregate term of four to eight years' incarceration followed by three years' probation.[2] Appellant did not file a post-sentence motion. On August 26, 2013, Appellant filed a timely notice of appeal.[3]

On appeal, Appellant raises the following issue for our review.

> Was not the evidence insufficient to make out burglary where there was no entry into the building and no intent to commit a crime inside the building?

Appellant's Brief at 2.

"A claim impugning the sufficiency of the evidence presents us with a question of law." *Commonwealth v. Antidormi*, 84 A.3d 736, 756 (Pa. Super. 2014) (citation omitted), *appeal denied*, 95 A.3d 275 (Pa. 2014). Our standard and scope of review is as follows.

_____

[2] Specifically, the trial court sentenced Appellant to four to eight years' incarceration on the burglary conviction. N.T., 8/22/13, at 10. Additionally, the trial court sentenced Appellant to a consecutive term of three years' probation on the criminal trespass conviction. *Id.* There was no further penalty imposed on the two remaining convictions. *Id.*

[3] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Fabian*, 60 A.3d 146, 150-151 (Pa. Super. 2013)

(citation omitted), *appeal denied*, 69 A.3d 600 (Pa. 2013).

> However, the inferences must flow from facts and circumstances proven in the record, and must be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of an accused's guilt beyond a reasonable doubt. The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review.

*Commonwealth v. Kearney*, 92 A.3d 51, 64 (Pa. Super. 2014) (citation

omitted), *appeal denied*, 101 A.3d 102 (Pa. 2014).

The Crimes Code defines burglary, in relevant part, as follows.

- 4 -

**§ 3502. Burglary**

**(a) Offense defined.**—A person commits the offense of burglary if, with the intent to commit a crime therein, the person:

(1) enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodation in which at the time of the offense any person is present[.]

18 Pa.C.S.A. § 3502(a)(1).

Before addressing the merits of Appellant's claim, we must determine whether Appellant has preserved his issues for appellate review. First, we examine whether Appellant has complied with Pennsylvania Rule of Appellate Procedure 1925(b). By its text, Rule 1925(b) requires that concise statements "identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii); *see also Commonwealth v. Reeves*, 907 A.2d 1, 2 (Pa. Super. 2006) (stating "[w]hen a court has to guess what issues an appellant is appealing, that is not enough for meaningful review[]"), *appeal denied*, 919 A.2d 956 (Pa. 2007). Any issues not raised in accordance with Rule 1925(b)(4) will be deemed waived. Pa.R.A.P. 1925(b)(4)(vii). Our Supreme Court has made clear that Rule 1925(b) is a bright-line rule. *Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011). Additionally, with regard to claims pertaining to the sufficiency of the Commonwealth's evidence, we have stated as follows.

> In order to preserve a challenge to the sufficiency of the evidence on appeal, **an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient**. Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt.

***Commonwealth v. Garland***, 63 A.3d 339, 344 (Pa. Super. 2013) (internal quotation marks and citations omitted; emphasis added).

In this case, on October 10, 2013, Appellant timely filed his Rule 1925(b) statement, which challenged the sufficiency of the evidence for his burglary conviction based only on the element of "the intent to commit a crime on the premises." Appellant's Statement of Errors Complained of on Appeal, 10/10/13. On appeal, Appellant now contests the sufficiency of the evidence to prove "entry into the building."[4] Appellant's Brief at 2, 9-10.

Based on our cases, we are constrained to conclude that Appellant has not complied with Rule 1925(b) because his concise statement failed to specify he was challenging the sufficiency of the evidence on the element of "entry." ***See Garland***, ***supra***; ***Commonwealth v. Williams***, 959 A.2d

---

[4] While the question presented also purports to raise the sufficiency of the evidence on the element of "intent to commit a crime inside the building," Appellant did not develop an argument or cite any authority in support of this claim. Appellant's Brief at 9-10. Therefore, this issue is waived. ***See*** Pa.R.A.P. 2119(a)-(c); ***Commonwealth v. Kearney***, 92 A.3d 51, 66-67 (Pa. Super. 2014), *appeal denied*, 101 A.3d 102 (Pa. 2014).

1252, 1257 (Pa. Super. 2008). Therefore, on this basis alone we deem Appellant's sufficiency of the evidence challenges waived. ***See Garland***, ***supra***.

Moreover, had we not deemed Appellant's issue waived for noncompliance with Rule 1925(b), we note that Appellant has also waived his claim based on his failure to ensure the trial exhibits, specifically the 911 tape, are part of the certified record. The certified record consists of the "original papers and exhibits filed in the lower court, paper copies of legal papers filed with the prothonotary by means of electronic filing, the transcript of proceedings, if any, and a certified copy of the docket entries[.]" Pa.R.A.P. 1921. "Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty." ***Commonwealth v. Preston***, 904 A.2d 1, 7 (Pa. Super. 2006) (*en banc*) (citation omitted), *appeal denied*, 916 A.2d 632 (Pa. 2007). To this end, Rule 1931(d) provides that the clerk of the lower court shall "mail a copy of the list of record documents to all counsel of record, or if unrepresented by counsel, to the parties[.]" Pa.R.A.P. 1931(d). If an appellant discovers any material omissions from the certified record, it must supplement the record pursuant to Rule 1926(b). "[T]he ultimate responsibility of ensuring that the transmitted

record is complete rests solely upon the appellant and not upon the appellate courts." ***Preston***, ***supra***.

A review of the certified record reveals it does not contain either an audio recording of the 911 call or a transcript thereof. The trial transcript indicates that the "911 tape" was introduced as the Commonwealth's exhibit 3. N.T., 7/26/13, at 27. The trial exhibits are not included in the clerk of courts' list of record documents supplied to the parties. ***See generally*** Pa.R.A.P. 1931(d). Appellant has made no effort to ensure inclusion of the missing exhibits. ***See generally id.*** at 1926(b). The 911 tape is critical to our review because it contains the eyewitness's description of Appellant's entry into Beckett's residence. The trial court found the statements in the 911 tape were sufficient to prove Appellant entered the house. Trial Court Opinion, 9/11/14, at 6. Without this piece of evidence, which was admitted at trial, we cannot conduct a meaningful review of Appellant's claim. ***See Fabian***, ***supra***. Therefore, Appellant has waived his challenge to the sufficiency of the evidence for failure to ensure that the certified record contained the 911 tape. ***See Preston***, ***supra***.

Based on the foregoing, we conclude that Appellant has waived his sole issue on appeal. Accordingly, the trial court's August 22, 2013 judgment of sentence is affirmed.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/24/2015