J-S30013-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANDREW WILSON | |
| Appellant | No. 2012 EDA 2014 |

Appeal from the Judgment of Sentence July 29, 2011
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010616-2009

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and JENKINS, J.

JUDGMENT ORDER BY GANTMAN, P.J.:             **FILED JUNE 19, 2015**

Appellant, Andrew Wilson, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his bench trial convictions of aggravated assault, discharge of a firearm into an occupied structure, firearms not to be carried without a license, persons not to possess firearms, carrying firearms in public in Philadelphia, possessing instruments of crime, and recklessly endangering another person.[1]  On July 29, 2011, the court sentenced Appellant to an aggregate term of seven to fourteen years' imprisonment, followed by twenty-five years' probation.

On June 15, 2012, Appellant filed a PCRA petition to reinstate his

---

[1] 18 Pa.C.S.A. §§ 2702(a), 2707.1(a), 6106(a)(1), 6105(a)(1), 6108, 907(a), and 2705, respectively.

direct appeal rights *nunc pro tunc*, which the court granted on June 12, 2014. Appellant timely filed a notice of appeal on July 11, 2014. On July 31, 2014, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Appellant timely complied on August 21, 2014.

Preliminarily, any issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review. **Commonwealth v. Castillo**, 585 Pa. 395, 888 A.2d 775 (2005). An appellant's concise statement must identify the errors to be addressed on appeal with sufficient specificity. **Commonwealth v. Dowling**, 778 A.2d 683 (Pa.Super. 2001). Thus, a Rule 1925(b) statement that is too vague for the trial court to identify and address the issue(s) Appellant wishes to raise on appeal can result in waiver. **Commonwealth v. Reeves**, 907 A.2d 1 (Pa.Super. 2006), *appeal denied*, 591 Pa. 712, 919 A.2d 956 (2007).

Here, Appellant filed a motion to suppress the search of Appellant's person and the vehicle he was operating. The suppression court conducted two hearings at which Appellant argued the four corners of the affidavit for the search warrant lacked sufficient probable cause, the initial stop and search of Appellant's person was illegal, and the subsequent search of the vehicle was fruit of the poisonous tree. Nevertheless, Appellant's Rule 1925(b) statement only alleged generally that the suppression court erred in denying his motion. The trial court determined Appellant's Rule 1925(b)

statement failed to specify how the suppression court erred (different jurist), the current court should not be expected to guess the challenge, given the multiple issues Appellant raised at his suppression hearings, and suggested the issue was arguably waived. We conclude that Appellant's issue is waived.[2] *See id.* Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/19/2015

_____

[2] Moreover, despite Appellant's vague Rule 1925(b) statement, the trial court recited the facts to support the suppression court's decision that probable cause existed to justify the search of Appellant's person and vehicle.