J-S47030-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| EARL KOZICH | |
| Appellant | No. 1866 MDA 2014 |

Appeal from the Judgment of Sentence September 30, 2014
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0002133-2012

BEFORE: ALLEN, J., OTT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY OTT, J.:					**FILED AUGUST 21, 2015**

Earl Kozich appeals from the judgment of sentence imposed on September 30, 2014, in the Court of Common Pleas of Luzerne County, following the acceptance of a negotiated guilty plea[1] to one count of aggravated indecent assault.[2] Per the plea agreement, Kozich was sentenced to a term of four to eight years' incarceration. Kozich was evaluated by the Sexual Offenders Assessment Board (SOAB), a hearing was held on September 30, 2014, at which time Kozich was found to be a sexually violent predator (SVP), and sentence was formally imposed. In this

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The docket reflects the guilty plea was entered on February 24, 2014.

[2] 18 Pa.C.S. § 3125(b).

timely appeal, Kozich raises one issue: He claims the trial court erred in determining he was a sexually violent predator. The trial court found the issue waived based upon an improperly vague Pa.R.A.P. 1925(b) statement. Following our review of the certified record, the submissions by the parties and relevant law, we affirm.

Our standard of review is well settled:

The determination of a defendant's SVP status may only be made following an assessment by the [Sexual Offenders Assessment Board ("SOAB")] and hearing before the trial court. In order to affirm an SVP designation, we, as a reviewing court, must be able to conclude that the fact-finder found clear and convincing evidence that the individual is a sexually violent predator. As with any sufficiency of the evidence claim, we view all the evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth. We will reverse a trial court's determination of SVP status only if the Commonwealth has not presented clear and convincing evidence that each element of the statute has been satisfied.

The standard of proof governing the determination of SVP status, i.e., "clear and convincing evidence," has been described as an "intermediate" test, which is more exacting than a preponderance of the evidence test, but less exacting than proof beyond a reasonable doubt.

* * *

The clear and convincing standard requires evidence that is "so clear, direct, weighty, and convincing as to enable the [trier of fact] to come to a clear conviction, without hesitancy, of the truth of the precise facts [in] issue."

***Commonwealth v. Morgan***, 16 A.3d 1165, 1168 (Pa. Super. 2011) (citation omitted).

The record reveals that for a period of some months, Kozich digitally penetrated the genitals of his girlfriend's nine-year-old daughter. He admitted his actions to the police and additionally pled guilty to the single count of aggravated indecent assault as noted above. In addition to the assessment by the SOAB, Kozich was also examined by his own psychologist, Dr. Frank Dattilio, Ph.D. After hearing the evidence, the trial court determined the Commonwealth had proven by clear and convincing evidence that Kozich was a sexually violent predator.

Kozich appealed and filed his Pa.R.A.P. 1925(b) Statement of Matters Complained of on Appeal on December 12, 2014. In relevant part, Kozich claimed: "Defendant now alleges that he did not meet the criteria set forth in 42 Pa.C.S. § 9799.10 *et seq*. identifying him as a Sexually Violent Predator." The trial court determined this statement was impermissibly vague and did not provide a sufficient basis for review.

We note that to prove a defendant is an SVP, the Commonwealth is required to prove by clear and convincing evidence the defendant has a mental abnormality or personality disorder that makes that person likely to engage in predatory sexually violent offenses. ***See Commonwealth v. Feucht***, 955 A.2d 377, 380 (Pa. Super. 2008). Additionally, the SOAB must consider a variety of statutory factors in making its determination. ***See*** 42 Pa.C.S. § 9799.24. The factors listed in the statute are non-exclusive. We note this to demonstrate the broad possibilities available to determine SVP

status. Accordingly, a generic challenge to the sufficiency of evidence in proving SVP status provides no actual guidance for review. ***See Commonwealth v. Reeves***, 907 A.2d 1 (Pa. Super. 2006) (If a Rule 1925(b) statement is too vague, the trial judge may find waiver and disregard any argument.) Even if the claim had been preserved, we would be unable to review it, as the notes of testimony from the SVP hearing were not included in the certified record. Because we find no abuse of discretion or error of law in the trial court's finding of waiver, we affirm the judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/21/2015