J-A11042-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STANLEY J. CATERBONE | |
| Appellant | No. 1188 MDA 2018 |

Appeal from the Order Dated June 28, 2018
In the Court of Common Pleas of Lancaster County
Criminal Division at No: CP-36-MD-0001088-2018

BEFORE: BOWES, OLSON, and STABILE, JJ.

JUDGMENT ORDER BY STABILE, J.: **FILED: MAY 2, 2019**

Appellant, Stanley J. Caterbone, appeals *pro se* from the order the Court of Common Pleas of Lancaster County dated June 28, 2018, denying his petition to proceed *in forma pauperis*. Upon review, we affirm.

The relevant procedural history of the case can be summarized as follows. On June 21, 2018, Appellant filed a *pro se* "application for trial de novo," along with a petition requesting to proceed *in forma pauperis* (IFP). On June 28, 2018, the trial court entered an order denying Appellant's IFP petition.

Appellant timely appealed the order. Accordingly, the trial court directed Appellant to file a concise statement of matters complained of on appeal. In response, Appellant filed a 33-page concise statement raising several issues, none of them involving the order appealed.

In its Pa.R.A.P. 1925(a) opinion, the trial court noted that the "purported concise statement is a rant accusing the Lancaster City Police Department and Lancaster County District Attorney's Office of colluding against him."  Trial Court Opinion, 10/17/18, at 2.  The trial court also noted that it was "unable to discern any legitimate appellate issue in Appellant's 1925(b) statement.  The [trial court] finds that Appellant's concise statement is the functional equivalent of no concise statement at all and deemed a waiver."  ***Id.***

Upon review of the record, we are constrained to reach the same conclusions.  Accordingly, we affirm.  ***See***, ***e.g.***, ***Commonwealth v. Reeves***, 907 A.2d 1, 2 (Pa. Super. 2006) (a concise statement of matters complained of that is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no concise statement at all, for the purposes of waiver).

Order affirmed.[1]  Commonwealth's motion to quash denied as moot.

_____

[1] Similarly, on appeal, Appellant filed a 72-page, mostly single-spaced appellate brief, consisting mostly of a dissertation on the topic of mind control, never addressing the reasons why we should reverse the trial court. Additionally, Appellant's brief fails to comply with the requirements of Pa.R.A.P. 2111(a).  Because of the deficiencies and the unintelligible argument raised before us, we are unable to conduct any meaningful review. Thus, even if the issues had been preserved in a proper statement of errors, we would have exercised our "discretionary authority to quash, dismiss or deny allowance of appeal based upon the substantial defects of [A]ppellant's brief." ***Commonwealth v. Maris***, 629 A.2d 1014, 1017 (Pa. Super. 1993).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/2/2019</u>