J-S21025-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER J. HANDTE | : | |
| | : | |
| Appellant | : | No. 1302 WDA 2019 |

Appeal from the PCRA Order Entered July 23, 2019
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s):  CP-17-CR-0000738-2015

BEFORE:  LAZARUS, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                              **FILED JUNE 25, 2020**

Appellant, Christopher Handte, appeals from the Order entered on June 23, 2019 in the Court of Common Pleas of Clearfield County dismissing his Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful review we find that Appellant waived his claim and, therefore, we affirm.

On February 22, 2016, Appellant entered a negotiated guilty plea agreement to 16 charges relating to a three-day crime spree that occurred over several counties.[1] PCRA Court Op., 7/23/19, at 1. In exchange for his

_____

[1] Between February 19 and February 21, 2015, Appellant broke into a commercial property, stole and destroyed a van, broke into a woman's home, tied the woman up, assaulted her, and stole items from her residence and her car. PCRA Court Op., 7/23/19, at 1. Appellant pleaded guilty to Robbery, Aggravated Assault, Burglary, Reckless Burning, Theft by Unlawful Taking, Unlawful Restraint, and Access Device Fraud, among other charges. 18 Pa.C.S.

guilty pleas, the Commonwealth agreed to recommend a minimum period of 15 years of incarceration. The written plea agreement also provided: "Consecutive or concurrent sentence up to court. Comm. remains silent." Negotiated Plea Agreement and Guilty Plea Colloquy, 2/22/16, at 2.

At sentencing on April 5, 2016, Assistant District Attorney ("ADA") Joshua Maines argued that the court should impose consecutive sentences. *See* N.T. Sentencing, 4/5/16, at 6-7. Appellant's attorney immediately alerted the sentencing court to the apparent violation of the plea bargain. The court responded that it would disregard the ADA's statement. *Id*. at 8. The court then sentenced Appellant to an aggregate term of 15 to 30 years' incarceration to be served consecutively to any other sentences already being served.[2] *Id.* at 8-12. The court specifically noted that it did not impose the consecutive sentences because of the prosecutor's argument. *Id.* at 13.

---

§§ 3701(a)(1)(i), 2702(a)(1), 3502(a)(4), 3301(d)(2), 3921(a), 2902(a)(1), and 4106(a)(1)(ii), respectively.

[2] In particular, the court imposed two consecutive sentences of 7½ to 15 years' incarceration for Appellant's Robbery and Aggravated Assault convictions. The court ordered Appellant to serve those sentences consecutively to any other period of incarceration Appellant was then serving. At the time of sentencing, Appellant was serving sentences in Adams County (1 to 5 years; Docket Number 382-2010), Clearfield County (6 months to 3 years; Nos. 207 & 210-2015), and Centre County (1 to 5 years; No. 1060-2015). *See* Post-Sentence Motion, filed 4/14/16, at ¶ 3. The court imposed concurrent sentences for the remaining convictions noted, *supra*. All other offenses merged for purposes of sentencing.

On April 14, 2016, Appellant filed a Post-Sentence Motion for Modification of Sentence in which he requested that the court modify his sentence to be served concurrently to three sentences imposed in 2015 in unrelated proceedings.[3] The court summarily denied Appellant's Motion on August 2, 2016. Appellant did not file a direct appeal; thus, his Judgment of Sentence became final on September 1, 2016.[4]

On February 24, 2017, Appellant timely filed a *pro se* PCRA Petition. The court appointed counsel, and counsel filed an Amended PCRA Petition alleging that (1) trial counsel was ineffective for failing file a requested direct appeal; and (2) Appellant's guilty plea was unlawfully induced because "[t]he Commonwealth failed to uphold its end of the bargain." Amended PCRA Petition, 8/7/17, at ¶¶ 14-15. Appellant requested a hearing on the legal merits of the cases, but stated: "no evidentiary hearing is requested." ***Id.*** at ¶ 17.

The PCRA court, which also presided over Appellant's trial, held a "hearing" on March 19, 2019, at which the parties presented no evidence. The prosecutor and Appellant's attorney agreed to submit briefs on the issues

---

[3] ***See supra*** note 2.

[4] ***See*** Pa.R.A.P. 903(a); 42 Pa.C.S. § 9545(b)(3).

raised in the PCRA Petition. N.T. PCRA Hearing, 3/19/19, at 4. The court agreed to render a decision based on the parties' written submissions.[5] *Id.*

On July 23, 2019, the PCRA court dismissed Appellant's Petition by Order and Opinion. The court addressed Appellant's ineffective assistance of counsel claim, stating that the court disregarded the ADA's statement at sentencing and the outcome of sentencing would have been the same absent the statements due to the seriousness of the charges. PCRA Court Op., 7/23/19, at 4-5. Therefore, the PCRA court reasoned, Appellant could not prove that he suffered prejudice. *Id.*

Appellant timely filed a Notice of Appeal.  In his one-sentence Pa.R.A.P. 1925(b) Statement of Errors Complained of on Appeal, Appellant stated only that "[t]he lower court erred in denying Defendant's Amended PCRA Petition." 1925(b) Statement, dated 11/2/17, at 2 (unpaginated). The PCRA court did not file a responsive Rule 1925(a) Opinion.

In his brief to this Court, Appellant presents the same general issue for our review: "[w]hether the lower court erred in denying Appellant's PCRA Petition." Appellant's Br. at 4. We note that Appellant fails to identify whether it was court or trial counsel error that would purportedly warrant relief, and the type of error that the court or trial counsel committed. In the body of his brief, Appellant likewise does not discuss any PCRA court or trial counsel error.

---

[5] Based on a review of the docket and the certified record, it appears that neither party filed such a brief.

Rather, Appellant requests resentencing, asserting that "where a plea bargain has been entered into and is violated by the Commonwealth, the defendant is entitled, at the least, to the benefit of the bargain." *Id.* at 10-11 (citation omitted). We conclude that Appellant's argument is waived.

Pa.R.A.P. 1925(b) requires that an appellant's Statement be specific enough for the trial court to identify and address the issue the appellant wishes to raise on appeal. Pa.R.A.P. 1925(b)(4)(ii). A Statement that is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Statement at all, and this Court may find waiver. *Commonwealth v. Reeves*, 907 A.2d 1, 2 (Pa. Super. 2006).

Here, Appellant's 1925(b) Statement is impermissibly vague. It fails to specify the alleged error committed by the PCRA court.[6] In light of the multiple issues raised in his Amended PCRA Petition, we cannot conclude that his broad Statement provides adequate guidance by which to discern what alleged error Appellant intended to challenge on appeal.

For this reason, we conclude that Appellant waived his issue. We therefore affirm the PCRA court's Order dismissing Appellant's Petition.

Order affirmed.

---

[6] Appellant's Statement of Issues in his Brief is likewise vague, and his argument, which does not discuss PCRA court error at all, presents an issue not fairly suggested thereby as required by Pa.R.A.P. 2116(a).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/25/2020