J-A16007-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SEAN MICHAEL EYRICH | : | No. 1323 MDA 2019 |

Appeal from the Order Entered July 19, 2019
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0003586-2015

BEFORE:  PANELLA, P.J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, P.J.:                    **FILED AUGUST 14, 2020**

The Commonwealth of Pennsylvania appeals from the order of the Court of Common Pleas of Berks County granting Sean Eyrich's motion to suppress his blood test results on the basis that Eyrich's consent to be tested was not knowing and voluntary.

We begin by noting that the Commonwealth does not take issue with any of the suppression court's factual findings. The sole issue on this appeal concerns the legal consequences of a police officer's failure to read Eyrich the Pennsylvania Department of Transportation's DL-26 "Chemical Test Warnings and Report of Refusal to Submit to a Blood Test as Authorized by Section 1547 of the Vehicle Code" form ("DL-26 consent form") before gaining Eyrich's consent to test his blood. We conclude that the Commonwealth failed to properly preserve this issue, and therefore affirm.

On December 17, 2015, Eyrich pled guilty to one count each of homicide by vehicle while driving under the influence ("DUI") and aggravated assault by vehicle while DUI as a result of an accident that occurred on June 7, 2015. He was sentenced to a term of imprisonment of 54 months to 20 years and did not file a direct appeal.

On November 30, 2016, Eyrich filed a *pro se* petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, which the PCRA court dismissed. On appeal, however, this Court reversed and remanded for a new trial, concluding that Eyrich's plea was not knowingly entered due to counsel's failure to inform him that he would be liable for restitution. *See Commonwealth v. Eyrich*, No. 1061 MDA 2017 (Pa. Super., filed February 1, 2018) (unpublished memorandum).

Prior to that trial, Eyrich filed a motion to suppress the results from a blood test that he had consented to after the accident. Eyrich essentially maintained in his motion that suppression was warranted under *Birchfield v. North Dakota*, 136 S.Ct. 2160 (2016), which "held, among other things, that consent to a warrantless blood draw is vitiated when such assent follows the administration by police of a warning of enhanced criminal penalties upon refusal of the testing." *Commonwealth v. Wolfel*, -- A.3d --, 2020 WL 4134888 at *1 (Pa. 2020).  In the motion, Eyrich argued that his consent to the blood test was unlawful under *Birchfield* because the police had failed to advise him that he would not face increased criminal penalties if he refused to

- 2 -

consent to the test even though the Vehicle Code provided for such penalties at the time of his arrest. However, he did note that the record was not clear as to whether the DL-26 form had been read to Eyrich prior to obtaining his blood. The Commonwealth did not file a response to Eyrich's motion.

The trial court held a suppression hearing on May 3, 2019. At the hearing, the Commonwealth submitted the testimony previously given by Sergeant Brian Strand of the Bern Township Police Department at Eyrich's preliminary hearing. Sergeant Strand testified at the preliminary hearing that he responded to a report of a fatal vehicle accident on Grange Road in Bern Township. Upon his arrival at the scene, Sergeant Strand saw an SUV on an embankment, with a motorcycle and one person trapped underneath the SUV. Another person, who had no pulse, was lying in front of the SUV.

Sergeant Strand spoke to Eyrich, the driver of the SUV, and noticed that Eyrich appeared lethargic and had watery eyes. He also detected a faint odor of alcohol on Eyrich's breath. Sergeant Strand testified that he believed Eyrich was under the influence of alcohol but that he did not conduct any field sobriety tests because Eyrich had been placed in an ambulance for transport to Reading Hospital for medical treatment. The EMT on that ambulance, whose testimony from Eyrich's preliminary hearing had also been submitted into evidence by the Commonwealth at the suppression hearing, also stated that she smelled alcohol on Eyrich's breath and relayed that information to police.

Officer Edwin Noll of the Bern Township Police Department testified at the suppression hearing. He explained that, although he was off duty on June 7, 2015, he received a call from Sergeant Strand asking him to go to Reading Hospital to obtain a blood test from Eyrich. Officer Noll went to the hospital and met with Eyrich in an emergency hospital room. He identified himself as a police officer to Eyrich and asked Eyrich if he would consent to a blood draw. Officer Noll testified that he did so without explaining to Eyrich why he was asking for his blood and without reading Eyrich the warnings from the DL-26 consent form. Officer Noll admitted that he did not have a DL-26 consent form with him. He also testified that he did not otherwise inform Eyrich of his right to refuse the blood draw or the corresponding penalties for doing so.

The Commonwealth's argument against suppression was less than clear. The Commonwealth appeared to argue that *Birchfield* had not been violated because Officer Noll never affirmatively told Eyrich that he would face enhanced criminal penalties if he refused the blood test. In support of its contention, the Commonwealth pointed to the fact that Officer Noll had not read Eyrich the warnings from the DL-26 consent form, which prior to *Birchfield* threatened additional criminal penalties if a driver refused to consent to a blood test. Since Eyrich was never explicitly threatened with enhanced penalties for refusing his consent, the Commonwealth seemed to maintain, the only question was whether Eyrich's consent had been voluntary under the totality of the circumstances. The Commonwealth did not argue that

Eyrich was not under arrest at the time he gave his consent to the blood test. *See*, *e.g.*, N.T. 5/3/2019, at 30-31 (Prosecutor stating "it's purely an issue of is his consent voluntarily given.")

Following the suppression hearing, the trial court granted Eyrich's motion to suppress. The court concluded that suppression was compelled by this Court's recent decision in **Commonwealth v. Krenzel**, 209 A.3d 1024 (Pa. Super. 2019), *allocatur denied*, 222 A.3d 370 (Pa. December 17, 2019), which held that a driver's consent to draw blood is not valid as a matter of law if the police fail to read the driver the DL-26 consent form or otherwise inform him of his right to refuse consent and the corresponding penalties for such refusal. In its findings of fact and conclusions of law, the trial court specifically stated that "because the facts in the instant case are identical to those in **Krenzel**, we are constrained to reach the same conclusion [as that reached by **Krenzel**]." Findings of Fact and Conclusions of Law in Disposition of Defendant's Omnibus PreTrial Motion, 7/18/2019, at 7.

The Commonwealth filed an immediate appeal pursuant to Pa.R.A.P. 311(d). The trial court directed the Commonwealth to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). In that statement, the Commonwealth raised the following issue:

> The trial court respectfully erred in suppressing evidence flowing from a lawful blood draw, where the consent to the blood draw was knowing, voluntary and intelligent, even though the police officer did not use PennDOT form DL-26. The Commonwealth is aware of the recent decision in **Commonwealth v. Krenzel**, 209 A.3d 1024 (Pa. Super. 2019), *alloc. pending*[,] 432 MAL 2019.

This appeal is filed to preserve this issue while the **_Krenzel_** petition for allocatur is pending.

Commonwealth's Concise Statement of Errors Complained of on Appeal, 8/22/19.

In response, the trial court issued its Pa.R.A.P. 1925(a) opinion reiterating its determination that **_Krenzel_** compelled the suppression of Eyrich's blood test results and attaching its findings of fact and conclusions of law in support of that determination. The Commonwealth's appeal is now before this Court.

This Court's standard of review regarding the Commonwealth's appeal from the ruling of a suppression court is well-established and has been summarized as follows:

> When the Commonwealth appeals from a suppression order, we follow a clearly defined standard of review and consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the entire record, remains uncontradicted. The suppression court's findings of fact bind an appellate court if the record supports those findings. The suppression court's conclusions of law, however, are not binding on an appellate court, whose duty is to determine if the suppression court properly applied the law to the facts.

**_Commonwealth v. Korn_**, 139 A.3 249, 252-53 (Pa. Super. 2016) (citation omitted).

Here, the trial court relied exclusively on **_Krenzel_** as its basis for granting Eyrich's suppression motion. In **_Krenzel_**, the appellant argued that her consent to a blood draw had not been voluntary because the police had not read the warnings from a DL-26 form or otherwise informed her of her

- 6 -

right to refuse the blood draw. This Court agreed. In doing so, the Court first considered 75 Pa. C.S.A. §1547 ("Section 1547") of the Vehicle Code, commonly referred to as Pennsylvania's Implied Consent Law, which provides in relevant part:

> **(a) General rule.--** Any person who drives, operates or is in actual physical control of the movement of a vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath or blood for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a vehicle in violation of section [...] 3802 (relating to driving under influence of alcohol or controlled substance) [.]
>
> **(b) Civil Penalties for refusal.--**
>
> (1) If any person placed under arrest for a violation of section 3802 is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person[.]
>
> * * *
>
> (2) It shall be the duty of the police officer to inform the person that:
>
> > (i) the person's operating privilege will be suspended upon refusal to submit to chemical testing and the person will be subject to a restoration fee of up to $2000[.]

75 Pa. C.S.A. §1547 (emphasis in original).

The **Krenzel** Court then looked to **Commonwealth v. Myers**, 164 A.3d 1162 (Pa. 2017), which examined Section 1547 in the context of a warrantless blood draw taken from an unconscious individual. The **Myers** Court noted that

Section 1547(b)(1) provides individuals with an explicit statutory right to refuse chemical testing and Section 1547(b)(2) expressly requires a police officer to inform an individual of the consequences of such a refusal. **See id**. at 1170-1171, 1171 n.12. Accordingly, the **Myers** Court held that an individual is entitled to this information, *i.e.*, that he has a right to refuse a blood test and the consequences for such a refusal, "so that his choice to take a [chemical] test can be knowing and conscious." **Id**. at 1171. Because the unconscious individual had been deprived of the opportunity to choose whether to exercise his right to refuse the blood test, the **Myers** Court held that he had not voluntarily consented to the blood draw. **See id**. at 1181.

In applying **Myers** and Section 1547, the **Krenzel** Court held:

> There is no dispute that the police asked [the] [a]ppellant to go to the hospital for a chemical blood test and she complied without receiving a recitation of her rights under DL-26B or Section 1547 or confirming her consent by signature. Because [the police officer] was statutorily obligated to inform [the] [a]ppellant of her right to refuse chemical testing and the consequences arising therefrom and failed to effectuate those precautions, [the] [a]ppellant did not make a knowing and conscious choice of whether to submit to the blood draw.

**Krenzel**, 209 A.3d at 1032.

In light of this clear holding, the trial court below concluded that **Krenzel** controlled the instant case. The court found that like the appellant in **Krenzel**, Eyrich had not been read the DL-26 consent form or otherwise informed of his right to refuse the blood draw or the penalties following such a refusal before giving his consent to the blood draw.

In an attempt to avoid this conclusion, however, the Commonwealth argues for the first time in its appeal to this Court that **Krenzel** is not applicable to the instant case. The Commonwealth now argues that **Krenzel** is distinguishable from this case because the appellant in **Krenzel** was arrested for DUI whereas Eyrich, according to the Commonwealth, had not been placed under arrest when he was asked at the hospital for his consent to have his blood drawn. The Commonwealth contends that the requirements of Section 1547 are only triggered after a person has been arrested for DUI, and because Eyrich had not been arrested at the time he gave his consent, neither Section 1547 nor **Krenzel** apply to Eyrich's case.

This is not what the Commonwealth argued in its 1925(b) statement. There, the Commonwealth did not dispute the trial court's unequivocal ruling that the instant case was "identical" to, and therefore controlled by, **Krenzel**. Instead, the Commonwealth indicated its acknowledgment that **Krenzel** controlled the instant matter, but that it wanted to preserve the issue regarding the voluntariness of Eyrich's consent because a petition for allowance of appeal in **Krenzel** had been filed but not yet ruled on by our Supreme Court.[1] As such, the trial court in the instant case was never

---

[1] After the Commonwealth filed its 1925(b) statement on August 22, 2019, and as the full cite to **Krenzel** discloses, **see supra** at 3, our Supreme Court denied allocatur in **Krenzel** on December 17, 2019.

presented with, and therefore did not specifically address, any argument by the Commonwealth that Eyrich was not in custody at the time Officer Noll asked him for his consent and that *Krenzel* was inapplicable for that reason.

Because the Commonwealth raises this argument for the first time in its appeal, and did not raise such an argument in its 1925(b) statement, it is waived. **See Commonwealth v. Lord,** 719 A.2d 306, 309 (Pa. 1998) (holding that any issues not raised in a 1925(b) statement are waived). "Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues which parties plan to raise on appeal" so that there can be a "meaningful and effective appellate review" of those issues. *Id*. at 308. **See also Commonwealth v. Reeves**, 907 A.2d 1, 2 (Pa. Super. 2006) (cautioning that a Rule 1925(b) statement must be specific enough for the trial court to identify and address the issue the appellant seeks to raise on appeal, and if it is not, the issue will be deemed waived).

We recognize that Rule 1925(b) states that "each error identified in the statement will be deemed to include every subsidiary issue that was raised in the trial court." Pa.R.A.P. 1925(b)(4)(v). As noted above, the Commonwealth never argued to the trial court, either at the suppression hearing or in its 1925(b) statement, that Eyrich had not been arrested and was therefore not subject to the requirements of Section 1547 or *Krenzel*. As a result, the trial court did not address, much less focus on, the Commonwealth's newfound argument on appeal that Eyrich was not under arrest at the time he gave his

consent because the Commonwealth did not present the issue to the trial court. The Commonwealth's argument fails for this reason.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/14/2020