J-S48026-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: PETER PATRICK COYLE, II | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: PETER PATRICK COYLE, II | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 468 EDA 2024 |

Appeal from the Order Entered January 17, 2024
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-MD-0002201-2023

| | | |
|---|---|---|
| IN RE: PETER PATRICK COYLE, II | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: PETER PATRICK COYLE, II | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1458 EDA 2024 |

Appeal from the Order Entered January 17, 2024
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-MD-0002202-2023

| | | |
|---|---|---|
| IN RE: PETER PATRICK COYLE, II | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: PETER PATRICK COYLE, II | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1459 EDA 2024 |

Appeal from the Order Entered January 17, 2024
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-MD-0002203-2023

BEFORE: STABILE, J., NICHOLS, J., and BENDER, P.J.E.

MEMORANDUM BY NICHOLS, J.:                    **FILED MAY 28, 2025**

Appellant Peter Patrick Coyle, II appeals *pro se* from the order denying his petition for review of the disapproval of his private criminal complaints by the Office of Attorney General (OAG). Appellant raises several claims alleging error by the trial court. We affirm.

The underlying facts and procedural history of this case are well known to the parties. *See* Trial Ct. Op., 4/3/24, at 2-4. Briefly, Appellant leased a retail space from Kirpal S. Saini and APS Associates, LLC (APC) for his tanning salon, "Paradise Tanning." *See id.* On May 16, 2022, Appellant was lawfully evicted from the property. *Id.* at 3. That same day, after Appellant attempted to enter the building and caused several hundred dollars of damage, Appellant was charged with attempted criminal trespass and criminal mischief by the Lehigh County District Attorney's Office. *Id.*

While that matter was pending, Appellant filed private criminal complaints against Mr. Saini, Anthony Giovanni, Esq. (the APS attorney), and Lehigh County District Attorney Michael Edwards for criminal conspiracy and related charges. Appellant's complaints were referred to the OAG,[1] which subsequently disapproved Appellant's requests. Appellant filed a petition for review with the Lehigh County Court of Common Pleas, which ultimately denied Appellant's request for relief.

_____

[1] The record reflects that the matter was referred to the OAG, as the Lehigh County District Attorney's Office was involved in both the underlying criminal case against Appellant and Appellant's requests for private criminal complaint.

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion concluding that Appellant's Rule 1925(b) statement was "functionally, more of a brief than a concise statement" but addressing three of the claims identified in Appellant's statement. *See* Trial Ct. Op. at 5.

On appeal, Appellant raises the following issues for review:

1. Does the [trial court]'s 1925(a) [s]tatement comply with Pa.R.A.P. 1925(a)?

2. Was the OAG's Denial Letter in accordance with Rule 506 of the Pennsylvania Rules of Criminal Procedure?

3. Is the [j]udgment issued March 31, 2022, in the civil action of 2021-C-2438 a [v]oid [j]udgment?

4. Can Appellant be dispossessed of his property rights both personal and leased (evicted) with a void judgment?

5. Did Saini and [Giovanni] use/execute the void March 31st Order against Appellant?

6. Have the accused engaged in theft by unlawful taking of immovable property, in violation of Pa.C.S. § 3921(b)?

7. Have the accused engaged in theft by unlawful taking both movable property, in violation of Pa.C.S. § 3921(a)?

8. Have the accused engaged in theft by [d]eception, by using the void judgment to deceive banks, courts, and other various institutes into dispossessing Appellant of his property rights?

9. Have the accused creating/used the name "Peter P. Coyle Tanning Services Pennsylvania, LLC" to deceive banks, courts, and other various institutes into believing it is ["]Peter P. Coyle" and/or "Tanning Services Pennsylvania, LLC?"

10. Did Saini commit Perjury by swearing under oath he did sue Appellant in a court with proper jurisdiction?

11. Did Edwards conspire with Saini and [Giovanni] to assist in Theft by Unlawful Taking of Appellant's person property?

12.  Was [Appellant] unlawfully incarcerated?

Appellant's Brief at 4-5 (some formatting altered).

Initially, we must determine whether Appellant's Rule 1925(b) statement complies with the Pennsylvania Rules of Appellate Procedure. It is well-established that any issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review. Pa.R.A.P. 1925(b)(4)(vii); **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998). Rule 1925(b) also provides that an appellant's concise statement must "concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii). As this Court has explained, Rule 1925(b) "is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal." **Commonwealth v. Bonnett**, 239 A.3d 1096, 1106 (Pa. Super. 2020) (citation omitted).

Further, a Rule 1925(b) statement should only identify the errors made by the trial court; it should not be a lengthy narrative of facts, procedural history, explanations, or arguments. **See** Pa.R.A.P. 1925(b)(4)(iv). "'Our law makes it clear that Pa.R.A.P. 1925(b) is not satisfied by simply filing any statement. Rather, the statement must be "concise" and coherent as to permit the trial court to understand the specific issues being raised on appeal.'" **Satiro v. Maninno**, 237 A.3d 1145, 1150 (Pa. Super. 2020). "The court's review and legal analysis can be fatally impaired when the court has to guess at the issues raised." **Commonwealth v. Hansley**, 24 A.3d 410,

415 (Pa. Super. 2011); *see also Commonwealth v. Reeves*, 907 A.2d 1, 2 (Pa. Super. 2006).

Here, Appellant filed a twenty-three page Rule 1925(b) statement which included a lengthy recitation of the facts, procedural history, a list of errors by the trial court, and several pages setting forth substantive arguments in support of Appellant's claims. *See* Rule 1925(b) Statement, 3/1/24, at 1-23. Following our review, we conclude that Appellant's Rule 1925(b) statement does not comply with our Rules of Appellate Procedure. *See* Pa.R.A.P. 1925(b)(4)(iv). Specifically, Appellant fails to succinctly identify the issues he intended to raise on appeal. *See id.*; *see also Satiro*, 237 A.3d at 1150. Further, although the trial court addressed three issues that Appellant identified on page nine of his Rule 1925(b) statement, we reiterate that when a court has to guess what issues an appellant is appealing, that is not enough for meaningful review.[2] *See Hansley*, 24 A.3d at 415; *Reeves*, 907 A.2d at 2. Therefore, we conclude that Appellant has waived his claims on appeal. *See* Pa.R.A.P. 1925(b)(4)(vii); *Lord*, 719 A.2d at 309. Accordingly, we affirm.

Order affirmed. Jurisdiction relinquished.

---

[2] In any event, even if Appellant properly preserved these issues for review, we would affirm based on the trial court's analysis of these claims. *See* Trial Ct. Op. at 5-17.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>5/28/2025</u>