J-A16010-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSEPH CUEVAS | : | |
| | : | |
| Appellant | : | No. 1837 EDA 2024 |

Appeal from the Judgment of Sentence Entered March 8, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002323-2023

BEFORE: LAZARUS, P.J., KUNSELMAN, J., and KING, J.

JUDGMENT ORDER BY LAZARUS, P.J.: **FILED OCTOBER 17, 2025**

Joseph Cuevas appeals from the judgment of sentence,[1] entered in the Court of Common Pleas of Philadelphia County, following his convictions of second-degree murder, attempted murder, robbery, aggravated assault, criminal conspiracy, theft, receiving stolen property, a violation of the Uniform

---

[1] According to the trial court docket, a verdict of guilty and a judgment of sentence was entered on March 8, 2024. On March 14, 2024, Cuevas filed a timely post-sentence motion, which the court denied on June 7, 2024. On July 3, 2024, Cuevas filed a timely notice of appeal "from the adjudication of guilt, order of sentence entered by the Court Of Common Pleas Of Philadelphia County, March 8, 2024[,] and the denial of post-sentence motions on June 7, 2024." Notice of Appeal, 7/3/24.

We note that the notice of appeal mistakenly states that the appeal is also from the adjudication of guilty and the denial of post-sentence motions. ***See Commonwealth v. Shamberger***, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (en banc) ("In a criminal action, appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions.") (citation omitted). This Court's appeal docket accurately reflects that the instant appeal is from the judgment of sentence.

Firearms Act, and possession of an instrument of crime. On appeal, Cuevas challenges the trial court's order denying his motion for a continuance to obtain new counsel. Because Cuevas did not include this specific issue in his Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, his claim is waived.

In his Rule 1925(b) statement, Cuevas claimed that the trial court abused its discretion "by denying his request for a continuance **to further investigate the alibi witness and any available corroborative evidence**." Rule 1925(b) Statement, 8/12/24 (emphasis added). The trial court addressed this claim in its opinion. *See* Pa.R.A.P. 1925(a) Opinion, 8/16/24, at 7-8. On appeal, however, Cuevas contests the court's denial of a continuance on different grounds—dissatisfaction with counsel. *See* Appellant's Brief, at 1-2. Cuevas, therefore, has failed to preserve this issue for appeal. *See* Pa.R.A.P. 1925(b)(4)(ii) ("The Statement shall concisely identify each error that the appellant intends to assert **with sufficient detail to identify the issue to be raised for the judge**.") (emphasis added); *id.* at (b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."). *See also Commonwealth v. Bonnett*, 239 A.3d 1096, 1106 (Pa. Super. 2020) ("It is well-established that any issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review."); *Commonwealth v. Hansley*, 24 A.3d 410, 415–16 (Pa. Super. 2011) (finding three of appellant's issues on appeal waived where he failed to specify claims in Rule 1925(b) statement);

***Commonwealth v. Reeves***, 907 A.2d 1 (Pa. Super. 2006) (explaining appellant is obligated to give trial court notice in Rule 1925(b) statement as to what court should address in its Rule 1925(a) opinion; where specific issue raised on appeal was not presented to court in concise statement such that court had opportunity to address claim in its opinion, issue is waived on appeal).

Accordingly, we find Cuevas' claim waived on appeal. We, therefore, affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/17/2025