J-S19045-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARK WILLIAMS, | : | |
| | : | |
| Appellant | : | No. 1991 EDA 2018 |

Appeal from the PCRA Order Entered June 25, 2018
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0005669-2013

BEFORE:  BOWES, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                 **FILED JULY 29, 2020**

Mark Williams ("Williams") appeals from the Order dismissing, without a hearing, his Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

Williams was arrested on March 12, 2013, following sexual contact he had with a 17-year-old female student while he was an administrator at Northeast High School in Philadelphia, Pennsylvania.  Beginning in December 2012, the student was regularly sent to Williams's office for disciplinary issues. Williams and the student would eventually spend most mornings in his office discussing personal matters.  The contact advanced to Williams regularly texting and having phone conversations with the student outside of school

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

hours. On January 21, 2013, Williams picked up the student from a party that she had attended, brought her back to his residence, and engaged in sexual intercourse with her. After the student took a shower in Williams's bathroom, Williams took her to a local Outback Steakhouse for dinner before returning her home. The student reported the incident to her mother, who reported it to police. Williams was subsequently arrested and charged with unlawful contact with a minor, institutional sexual assault, endangering the welfare of children, and corruption of a minor.[2]

Following a jury trial, Williams was convicted of the above-mentioned crimes. On September 12, 2014, the trial court sentenced Williams to serve an aggregate term of one-and-a-half to three years in prison, followed by four years of probation. Williams filed post-sentence Motions, which the trial court denied. This Court affirmed his judgment of sentence, and the Pennsylvania Supreme Court denied allowance of appeal. *See Commonwealth v. Williams*, 144 A.3d 196 (Pa. Super. 2016) (unpublished memorandum), *appeal denied*, 158 A.3d 1225 (Pa. 2016).

Williams, *pro se*, filed the instant timely PCRA Petition on February 21, 2017. Williams was appointed counsel, who filed an Amended Petition on October 30, 2017. The Commonwealth requested that Williams's Amended Petition be dismissed without a hearing pursuant to Pa.R.Crim.P. 907. On May

---

[2] 18 Pa.C.S.A. §§ 6318(a)(1), 3124.2(a.2)(1), 4304(a)(1), 6301(a)(1)(i).

24, 2018, the PCRA court issued a Notice of its intent to dismiss the Petition without a hearing. On June 25, 2018, the PCRA court dismissed Williams's Petition. Williams filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.[3]

Williams raises the following issues for our review:

I. Whether the [PCRA] court erred in [dismissing] [Williams's] PCRA [P]etition without an evidentiary hearing on the issues raised in the [A]mended PCRA [P]etition regarding trial counsel's ineffectiveness?

II. Whether the [PCRA] court erred in not granting relief on the PCRA [P]etition alleging counsel was ineffective[?]

Brief for Appellant at 8.

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error." *Commonwealth v. Wilson*, 824 A.2d 331, 333 (Pa. Super. 2003) (*en banc*). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the

_____

[3] In its Opinion, the PCRA court found that Williams's claims were waived because his Concise Statement was insufficiently vague. PCRA Court Opinion, 7/17/19, at 6-8. Williams's Concise Statement asserts that "trial counsel was ineffective for failing to present witnesses[,]" "trial counsel was ineffective for failing to properly prepare [Williams's] case for trial," and "the [PCRA] court was in error for failing to grant an evidentiary hearing." Concise Statement, 8/8/16, at 1-2. Our review of the PCRA court's Opinion demonstrates that it ably addressed Williams's claims in great detail. *See Commonwealth v. Reeves*, 907 A.2d 1, 2 (Pa. Super. 2006) (stating that an appellant's concise statement must be specific enough for the trial court to identify and address the issues appellant wishes to raise on appeal). Accordingly, we do not find waiver on the basis of Williams's Concise Statement, and will address his claims on the merits.

certified record." ***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa. Super. 2012).

> The PCRA court has the discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by any further proceedings. To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

***Commonwealth v. Hutchinson***, 25 A.3d 277, 285 (Pa. 2011) (citations and quotations omitted).

> To be entitled to relief on an ineffectiveness claim, [the petitioner] must prove the underlying claim is of arguable merit, counsel's performance lacked a reasonable basis, and counsel's ineffectiveness caused him prejudice. Prejudice in the context of ineffective assistance of counsel means demonstrating there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. This standard is the same in the PCRA context as when ineffectiveness claims are raised on direct review. Failure to establish any prong of the test will defeat an ineffectiveness claim.

***Commonwealth v. Solano***, 129 A.3d 1156, 1162-63 (Pa. 2015) (citations omitted).

We will address both of Williams's issues together, as they are related. First, Williams argues that the PCRA court erred in not holding an evidentiary hearing on his Petition. Brief for Appellant at 15. Williams claims that trial counsel's failure to call witnesses and to properly prepare for trial warranted

an evidentiary hearing, and that a hearing was necessary "to demonstrate such manifest injustice." *Id.*

Second, Williams argues that the PCRA court erred in not granting him relief on the basis of ineffective assistance of counsel. *Id.* at 16. Williams's ineffectiveness argument is split into two primary contentions, which we will address separately. *Id.* at 16, 20. Williams contends that trial counsel was ineffective in failing to present various witnesses at trial. Specifically, Williams argues that trial counsel was ineffective in failing to call four of his neighbors (collectively, "the neighbors") as witnesses, who Williams claims were willing to testify at trial. *Id.* at 16-17, 19-20. Williams also challenges trial counsel's decision not to investigate or subpoena the testimony of several Northeast High School teachers and staff members, a family friend, and a repairman who serviced his home's air conditioning system on the day in question. *Id.* at 17-18. Williams asserts that trial counsel was ineffective because he claims that the testimony of each witness would have served to establish his innocence. *Id.* at 19-20.

> When raising a claim of ineffectiveness for the failure to call a potential witness, a petitioner satisfies the performance and prejudice requirements of the [ineffectiveness] test by establishing that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial. To demonstrate [] prejudice, a petitioner must show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case. Thus, counsel will not be found ineffective for failing to call a witness

unless the petitioner can show that the witness's testimony would have been helpful to the defense. A failure to call a witness is not *per se* ineffective assistance of counsel for such decision usually involves matters of trial strategy.

***Commonwealth v. Sneed***, 45 A.3d 1096, 1108-09 (Pa. 2012) (citations and quotations omitted).

The PCRA court addressed Williams's challenge to his trial counsel's failure to call witnesses as follows:

> [Williams's] Amended PCRA Petition provides certification forms for [the neighbors]. He asserts trial counsel was ineffective for failing to present the testimony of these witnesses to[] "establish there was no activity at [Williams's] residence on the day in question." While [Williams] provided signed certifications for each of these witnesses, the certifications completely fail to list the substance of each witness[']s proposed testimony. As a result[,] they provide no basis for relief.
>
> Further, [Williams] ignores the fact that the proffered witnesses would have directly contradicted his testimony. He contends that the witnesses would testify as to the lack of "activity" at his home on the day in question. However, [Williams] admitted at trial that he brought the victim to his home on the day in question and permitted her to enter the residence. Thus, trial counsel had a reasonable basis to refrain from calling these witnesses in order to avoid internal contradictions in the defense's case. Having determined that such a reasonable basis exists for the alleged omission, this [c]ourt's inquiry ceases[,] and trial counsel is deemed effective.
>
> Nor has [Williams] established that he was prejudiced by the witnesses' absence. As noted, the witnesses would have directly contradicted [Williams's] own testimony. In light of [Williams's] admission that the victim had been in his home on the day in question, the only material fact in dispute was whether [Williams] and the victim engaged in sexual intercourse once inside. None of the proffered witnesses would have shed any light on this issue. [Williams's] claim, therefore, fails due to his failure to establish prejudice.

[Williams] next asserts that trial counsel was ineffective for failing to investigate and subpoena unnamed staff from Northeast High School. This claim is flatly refuted by the record[,] in which [Williams's] investigator testified to the extensive efforts made to secure the testimony of [Philadelphia] School Police Sgt. James Pulleum, Lynn Gordon (the receptionist for [Williams]), and teacher Hellena Morton. At the request of trial counsel, this [c]ourt placed a call to the school to no avail. Thus, [Williams's] claim lacks arguable merit. If [Williams's] claim pertains to other witnesses, he completely fails to identify who the witnesses are[,] or provide certifications detailing the substance of their alleged testimony, that they were willing to appear as defense witnesses, and that trial counsel was aware of their existence. Thus[,] his claim fails.

[Williams's] final claim regarding trial counsel's failure to call witnesses[] asserts that trial counsel was ineffective for failing to call "Debbie" to testify as to the lack of heat and hot water at his residence. While [Williams] testified at trial that a woman named Deb Wesell stayed at his residence the weekend preceding the incident, his [A]mended [P]etition failed to provide a certification confirming that "Debbie" is Ms. Wesell. He, likewise, failed to provide what the substance of her testimony would be and that she was available and willing to testify. As a result, his claim cannot succeed. Nor can [Williams] claim to have been prejudiced by trial counsel's failure to call "Debbie" since both he and witness Sharon Etheridge testified to the lack of heat and hot water at his residence on the day of the incident. [Williams], therefore, has failed to demonstrate prejudice from counsel's alleged omission.

PCRA Court Opinion, 7/17/19, at 9-13 (citations, quotations, and subheadings omitted; some paragraphs combined).

We agree with the sound analysis of the PCRA court. Williams failed to demonstrate that trial counsel lacked a reasonable basis for not calling the neighbors as witnesses, as their purported testimony would have contradicted Williams's. Williams failed to demonstrate an arguable basis for his claim that counsel rendered ineffective assistance by not procuring witness testimony

from school employees. Williams also failed to demonstrate that he was prejudiced by counsel's alleged failure to call Debbie Wesell as a witness when multiple witnesses provided identical testimony. Accordingly, Williams is not entitled to relief on these claims. *See Commonwealth v. Jones*, 811 A.2d 994, 1003 (Pa. 2002) (affirming the dismissal of a PCRA petition without a hearing, noting that ineffective assistance of counsel claims are not self-proving, and undeveloped claims are insufficient to demonstrate entitlement to relief); *see also Solano*, *supra*.

Next, Williams argues that his trial counsel rendered ineffective assistance by failing to (a) subpoena video footage and login records from Northeast High School, (b) subpoena the testimony of several Northeast High School employees, and (c) investigate the whereabouts of the home video system that Williams alleges was stolen from his office. *See* Brief for Appellant at 20-26. We will address each of these contentions in turn.

Regarding his first contention, Williams argues that school video evidence and login records would have demonstrated that the woman with whom he met regarding the student's disciplinary issues, who claimed to be student's "mother," was not same woman who testified as student's "mother" at his preliminary hearing and trial. *Id.* at 20-23. In support of this claim, Williams asserts that such evidence would have called the mother's credibility into question. *Id.* at 22.

Significantly, Williams proffered no evidence to support his theory that two separate women claimed to be the victim's "mother." Additionally, Williams does not provide any indication that, to the extent that this evidence might exist, it would have been admissible or relevant at trial. Accordingly, this claim fails. *See Commonwealth v. Scott*, 752 A.2d 871, 877 n.8 (Pa. 2000) (stating that "[a]n evidentiary hearing … is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness.").

Williams also contends that counsel was ineffective in failing to subpoena various employees of Northeast High School, whom he claims would be able to bolster his assertions about the victim's "mother," and/or the theft of his video recorder. Brief for Appellant at 23. Again, Williams's claim is undeveloped, as he fails to demonstrate any indication that these potential witnesses were willing and available to testify on his behalf, or that their testimony would have changed the outcome of his case. *See Sneed*, *supra*.

Regarding his third contention, Williams asserts that trial counsel failed to properly investigate the whereabouts of his home video system. Brief for Appellant at 23-24. Williams proffered no evidence for his bald allegation that the student came into possession of his home video system, and used that footage to gain knowledge of the layout of his home. Williams's suggestion that the video footage was the true source of the student's knowledge of his home is belied by Williams's own admission that he permitted the student to

enter his home to use the bathroom, which would have allowed her to develop knowledge of the premises without viewing the recordings. Brief for Appellant at 24 (wherein Williams states that the student "briefly entered his home to use the bathroom"). Because Williams failed to establish that the video recording system was indeed stolen from his office, or that further investigation into the video recording system's whereabouts would have changed the outcome of his trial, this claim fails. *See Commonwealth v. Miller*, 987 A.2d 638, 648 (Pa. 2009) (stating that prejudice is shown when there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different) (citation and quotation omitted); *see also Commonwealth v. Simpson*, 66 A.3d 253, 277 (Pa. 2013) (stating that "[i]t is not enough to show that [counsel's] errors had some conceivable effect on the outcome of the proceeding … [c]ounsel's errors must be so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.") (quotation and citation omitted).

Based upon the foregoing, we conclude that the PCRA court did not abuse its discretion when it dismissed Williams's Petition without a hearing. *See Commonwealth v. Edmiston*, 634 A.2d 1078, 1093 (Pa. 1993) (holding that an evidentiary hearing is not required in the absence or proof indicating the ineffectiveness claim has arguable merit); *see also Hutchinson*, *supra*. Accordingly, the PCRA court did not err in dismissing Williams's Petition without a hearing.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date:* *7/29/2020*