J-S06026-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                           :           PENNSYLVANIA
                                           :

                   v.                                :
                                           :

NATHAN HOYE                            :
                                         :

          Appellant               :    No. 911 WDA 2024

Appeal from the PCRA Order Entered July 2, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0004077-2018

BEFORE:  PANELLA, P.J.E., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY LANE, J.:                **FILED: April 14, 2025**

Nathan Hoye ("Hoye") appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

Given our disposition, a detailed summary of the facts is unnecessary. Briefly, in 2018, while incarcerated in the Allegheny County Jail, Hoye threatened to harm himself. Corrections officers put him in a suicide gown and placed him in a processing cell. When officers ordered Hoye to submit to handcuffing, he refused. Instead, Hoye, an HIV-positive inmate, reached into his toilet and threw urine on one of the corrections officers, striking him in the upper torso and head. The officer was thereafter transported to the emergency department at a nearby hospital for treatment. In 2019, Hoye entered an open guilty plea to one count each of aggravated assault, assault

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

by prisoner, aggravated harassment by prisoner, and recklessly endangering another person. Ultimately, on July 14, 2022, the trial court sentenced Hoye to fifty-seven to 114 months in prison.[2] This Court affirmed Hoye's judgment of sentence on November 1, 2023. *See Commonwealth v. Hoye*, 309 A.3d 1014 (Pa. Super. 2023) (unpublished memorandum). Hoye did not seek further review of his judgment of sentence.

On December 4, 2023, Hoye filed in instant timely *pro se* PCRA petition.[3] The PCRA court appointed counsel who filed a motion to withdraw and a "no-merit" letter pursuant to *Commonwealth v. Turner*, A.2d 927 (Pa. 1998), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

_____

[2] Hoye successfully appealed his initial judgment of sentence, which this Court vacated, requiring a remand for resentencing. *See Commonwealth v. Hoye*, 249 A.3d 1157 (Pa. Super. 2021) (unpublished memorandum). Upon remand, the trial court imposed the same sentence, which Hoye also successfully appealed, requiring a further remand for resentencing. *See Commonwealth v. Hoye*, 279 A.3d 1238 (Pa. Super. 2022) (unpublished memorandum).

[3] Under the PCRA, a petition must be filed within one year of the date on which the judgment of sentence becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania and the United States Supreme Court, or at the expiration of time for seeking such review. *See* 42 Pa.C.S.A. § 9545(b)(3). As indicated above, Hoye did not seek allowance of appeal in our Supreme Court after this Court affirmed his judgment of sentence on November 1, 2023. As such, his judgment of sentence became final thirty days later, on December 1, 2023. *See* 42 Pa.C.S.A. § 9545(b)(3); *see also* Pa.R.A.P. 1113(a) (providing a petition for allowance of appeal shall be filed within thirty days after the entry of the order of the Superior Court). As a result, Hoye had one year from that date, until December 1, 2024, to timely file a PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). As the instant petition was filed on December 4, 2023, it is timely.

The PCRA court subsequently granted the motion to withdraw, and entered a Pa.R.Crim.P. 907 notice of its intention to dismiss the petition without a hearing on the basis that: the PCRA court lacked jurisdiction over any challenge to the factual basis for Hoye's guilty pleas; Hoye's arguments regarding his sentence lacked merit and were previously litigated; and Hoye's double jeopardy claims lacked merit. Hoye did not respond the Rule 907 notice. Instead, he filed a motion to vacate his sentence (because he is married and would like to travel with his wife), a motion to consolidate case (due to unspecified health issues), a motion for injunctive relief (because he has a live mouse tapeworm in his stomach and needed surgery), and a motion to review case (due to lack of evidence). On July 2, 2024, the PCRA court entered an order dismissing the petition.

Hoye filed a timely *pro se* notice of appeal, and the PCRA court ordered him to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Hoye complied by filing a *pro se* concise statement. However, the PCRA court authored a Rule 1925(a) opinion wherein it deemed all issues waived on appeal due to its inability to discern the errors that Hoye sought to raise in his concise statement. In this Court, Hoye filed a *pro se* appellate brief, as well as numerous unauthorized supplements to his brief, all of which consist of handwritten notes which are difficult to decipher or understand.

Preliminarily, we must determine whether Hoye preserved his issues for our review. Our Supreme Court has ruled that when a trial court directs a defendant to file a concise statement, any issues not raised in such a statement will be waived. **See Commonwealth v. Lord**, 719 A.2d 306, 308 (Pa. 1998). The High Court explained that Rule 1925 "is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal . . . [and] is thus a crucial component of the appellate process." **Id**. Accordingly, the High Court determined that "[t]he absence of a [Rule 1925(a)] trial court opinion poses a substantial impediment to meaningful and effective appellate review." **Id**.

Importantly, when an appellant fails to adequately identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues. **See Commonwealth v. Dowling**, 778 A.2d 683, 686 (Pa. Super 2001). In other words, a concise statement which is too vague to allow the trial court to identify the issues raised on appeal is the functional equivalent of no concise statement at all. **See id**. Accordingly, when a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. **See Commonwealth v. Reeves**, 907 A.2d 1, 2 (Pa. Super. 2006).

Here, after Hoye filed his notice of appeal, the PCRA court ordered him to file a concise statement pursuant to Rule 1925(b). Although Hoye complied

with that directive, the *pro se* concise statement he submitted consisted of two pages of handwritten notes stating the following:

> Trial records will prove no evidence
> Failed to raise my mental health
> Double Jeporardy
> Illness PTSD Schnophrenic
> Illegal prosecution
> Failed to raise was incarated 5-2-13 to 3-9.23
> Failed to raise medical issues
> hiv
> Mouse tapeworm in stomach
> There was no camera
> Trial records will prove no evidence
> Survill[] evidence all hearsay
> Can't prove I assaulted CO-Kelly 2018
> only took a plea because my mental health
> Was tricked
> taken advantage of
> No dna evidence
> See Brady vs Maryland
> • Mentally illness ptsd schizophrenic
> • Mentally ill. Anxiety depression
> • Not knowing the law
> MH tricked and taken advantage of (conflict counsel)
> Medical issues - HIV, tapeworm in stomach
> No camera evidence
> all hearsay. Look at trial record
> No Dna evidence
> See Brady vs. Maryland
> No witness
> Cop[] shall be dismissed

Concise Statement, 9/11/24, at 1-2.

The PCRA court determined that Hoye's concise statement did not coherently identify the error or errors that he intended to raise on appeal. *See* PCRA Court Opinion, 9/26/24, at 9. The PCRA court further determined that, because the concise statement was so "vague," it was "forced to guess

what [Hoye] believes amounted to error and who committed said purported error." *Id*. On this basis, the trial court deemed all issues waived on appeal and declined to address them. *See id*. at 10.

Based on our review, we conclude that Hoye's concise statement was not specific enough for the PCRA court to identify or address the specific claims of error he wished to raise on appeal.[4] Because Hoye's vague concise statement prevented the PCRA court from discerning his issues or providing this Court with any legal analysis of those issues, it has hampered our appellate review. We therefore deem all issues waived.[5]

Order affirmed.

_____

[4] While a *pro se* litigant is granted the same rights, privileges, and considerations as those accorded an appellant represented by counsel, *pro se* status does not confer any advantage upon a party. *See Commonwealth v. Blakeney*, 108 A.3d 739, 766 (Pa. 2014). Thus, although the courts may liberally construe materials filed by a *pro se* litigant, a court cannot be expected to become a litigant's counsel or find more in a written *pro se* submission than is fairly conveyed in the pleading. *See id*.

[5] Even if we had not deemed all issues waived to Hoye's deficient concise statement, we would have dismissed the appeal due to Hoye's deficient appellate brief. An appellate brief must conform in all material respects to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. *See* Pa.R.A.P. 2101 (requiring conformity with the Rules of Appellate Procedure). Where briefing defects inhibit our review, we may dismiss the appeal. *See* Pa.R.A.P. 2101. Hoye's brief, and the numerous unauthorized supplements thereto, do not conform to any of our appellate procedural rules regarding format and content. *See* Pa.R.A.P. 2111 (brief of the appellant), 2114 (statement of jurisdiction), 2115 (order or other determination in question), 2116 (statement of the questions involved), 2117 (statement of the case), 2118 (summary of the argument), and 2119 (argument). As these extensive briefing defects would have inhibited our merits review, we would have dismissed the appeal.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 04/14/2025